A01A1759. GSW, INC. v. DEPARTMENT OF NATURAL RESOURCES et al.
(562 SE2d 253)

POPE, Presiding Judge.

On March 9, 1993, GSW, Inc. applied to operate a landfill in Long County. GSW asserted that after it obtained a site suitability letter from the Environmental Protection Division of the Department of Natural Resources, it began the process of designing the landfill to suit the EPD's requirements. According to GSW, there was an initial indication that EPD officials would grant the permit, but the U. S. military later objected to the landfill because of its proximity to the Townsend Bombing Range. In fact, a portion of the proposed landfill was located within a restricted airspace zone in which military aircraft fly at speeds of up to 500 mph and altitudes as low as 500 feet above ground level.[1]

On May 12, 1995, Harold F. Reheis, director of the EPD, notified GSW that its permit had been denied under DNR Rule 391-3-4-.04 (1), which provides for the denial of a permit if it is likely to cause a

---

[1] While this matter was pending, the Georgia General Assembly passed a law restricting the siting of landfills "within two miles of a federally restricted military air space which is used for a bombing range," but the law was not given retroactive effect and thus did not directly apply to GSW's application. OCGA § 12-8-25.3 (d).

threat to public health, safety or well-being.[2] The EPD's letter cited the department's concern that birds attracted to the landfill could possibly strike an aircraft, causing the potential for injury to military personnel and civilians. GSW appealed the department's decision to deny its permit, but the decision was affirmed by an administrative law judge.

GSW then appealed the ruling to the Superior Court of Fulton County pursuant to OCGA § 50-13-19. The superior court also affirmed. This Court subsequently denied GSW's application for discretionary appeal from the superior court's order.

GSW then filed a separate declaratory judgment action in DeKalb Superior Court asserting federal and state takings claims against the DNR, Reheis, individually and in his capacity as director of the EPD, and the State of Georgia. The case was removed to federal court, which dismissed the federal claims and declined to exercise supplemental jurisdiction over the state taking claims. The matter was remanded back to state court. The DeKalb Superior Court subsequently granted summary judgment to the defendants, finding that GSW's constitutional taking claims had been either waived by GSW or previously decided by the Fulton Superior Court in GSW's appeal from the administrative proceedings. GSW appeals the DeKalb Superior Court's summary judgment order.

1. GSW argues that the trial court erred in granting summary judgment because it asserts that its constitutional taking claim has never properly been considered by any court. GSW argues that Fulton Superior Court could not properly rule upon its taking claim because the administrative decision in this case was not final when that court reviewed it. In other words, GSW asserts that the judicial appeal to the Fulton Superior Court was a part of the administrative process because that court had the power to overturn the agency's decision. GSW also notes that there is no specific provision in the Georgia Administrative Procedure Act providing that the reviewing superior court may consider a constitutional taking claim.

In essence, GSW appears to be arguing that its taking claim was not ripe until the appeals from the administrative decision were complete and thus that GSW could only properly raise the merits of issue for the first time in this action before the DeKalb Superior Court. We disagree.

---

[2] The rule reads: "No person shall engage in solid waste handling in a manner which will be conducive to insect and rodent infestation or the harboring and feeding of wild dogs or other animals; impair the air quality; impair the quality of the ground or surface waters; impair the quality of the environment; or likely create other hazards to the public health, safety, or well-being as may be determined by the Director."

Under OCGA § 50-13-19 (h) (1), a superior court may reverse or modify an agency decision "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . [i]n violation of constitutional or statutory provisions." Our Supreme Court has held, therefore, that "[a] superior court reviewing the decision of an administrative agency may decide a constitutional challenge to the agency's rules raised during the administrative process." *State Health Planning Agency v. Coastal Empire Rehabilitation Hosp.*, 261 Ga. 832 (412 SE2d 532) (1992). And this Court has noted that a superior court can consider a claim raised in an administrative hearing that a statute was unconstitutional both on its face and as applied by the agency:

> Although the constitutionality of the statute could not be adjudicated during an administrative hearing, this proceeding would provide the proper forum for raising the constitutional objection at the earliest opportunity, keeping the actual controversy pending, and ultimately providing an avenue for judicial review of the constitutional issue.

*Chambers of Ga., Inc. v. Dept. of Natural Resources*, 232 Ga. App. 632, 633 (502 SE2d 553) (1998).

GSW claims that the application of DNR Rule 391-3-4-.04 (1) in this case resulted in an unconstitutional taking of its property. We find that under OCGA § 50-13-19 (h) (1), the Fulton Superior Court could consider this claim provided that it was preserved in the administrative proceedings below. In other words, we find that the claim for taking was ripe for judicial review at the time the administrative decision was appealed to the superior court. Cf. *Williamson County Regional Planning Comm. v. Hamilton Bank &c.*, 473 U. S. 172, 186 (III) (A) (105 SC 3108, 87 LE2d 126) (1985) (holding that a federal claim for regulatory taking is not ripe until after "the *government entity charged with implementing the regulations* has reached a final decision regarding the application of the regulations to the property at issue") (emphasis supplied).

GSW did, in fact, preserve its constitutional taking claim in the administrative proceeding. It alleged in its petition for a hearing before an ALJ that the denial of its application violated both the U. S. and Georgia Constitutions, "as the use and enjoyment of their [sic] property has been impacted by governmental interference for the public good without just compensation." GSW also raised the issue in its petition for judicial review, asserting that the EPD's actions constituted "a complete or substantial taking of the use of this property." And the judge stated in her order that she had "reviewed the Record, conducted a hearing, and considered the arguments and submissions of counsel" in affirming the ALJ's decision.

We find, therefore, that the judge in the Fulton Superior Court action considered and rejected GSW's taking claim. That ruling became final when this Court denied GSW's application for discretionary appeal and GSW did not apply to the Supreme Court of Georgia for certiorari. Accordingly, the DeKalb Superior Court correctly recognized that it could not relitigate a claim already ruled upon by another superior court and thus properly granted summary judgment to the defendants. See *Jordan v. Bd. of Public Safety*, 253 Ga. App. 339 (1) (559 SE2d 94) (2002); *Langton v. Dept. of Corrections*, 220 Ga. App. 445, 446 (1) (469 SE2d 509) (1996); *Blackwell v. Ga. Real Estate Comm.*, 205 Ga. App. 233 (421 SE2d 716) (1992).

2. In light of our holding in Division 1 above, we do not reach the underlying issue of whether GSW could assert a claim for taking under the facts of this case.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MARCH 18, 2002 —

Lovett, Cowart & Ayerbe, Linwood R. Lovett, Paul R. Ayerbe, Bridgette M. Cooper, for appellant.

Thurbert E. Baker, Attorney General, Devon A. Orland, Assistant Attorney General, for appellees.