## A02A1770. YOUNG v. PRYER.
(572 SE2d 99)

MILLER, Judge.

Clorise Lynn Pryer instituted dispossessory proceedings against Nicole Young, claiming Young failed to pay rent pursuant to a lease agreement. Young answered, denying rent was past due and asserting a counterclaim. Following a bench trial, the court found in favor of Pryer on the dispossessory and entered judgment against Young for past due rent in the amount of $816, which included an offset to account for Young's counterclaim. Acting pro se, Young appealed, claiming the evidence did not support the findings. Young notified the clerk that a transcript would not be filed for inclusion in the appellate record, and no transcript of the evidence is found in the appellate record.

The appellant has the burden to show error by the record. *Brown v. Frachiseur,* 247 Ga. 463 (277 SE2d 16) (1981), emphasized the need for a transcript where the alleged error concerns the sufficiency of the evidence.

> Where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at his expense. Thus, where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.

(Citations, punctuation, footnote and emphasis omitted.) Id. at 464.

Because Young omitted the transcript from the record on appeal, and her arguments address the sufficiency of the evidence, we must affirm. See *Ward v. Berry,* 251 Ga. App. 394 (554 SE2d 532) (2001); *Oliver v. Green,* 240 Ga. App. 439 (523 SE2d 68) (1999).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

Nicole Young, *pro se.*
*Charles M. Evans*, for appellee.
Clorise L. Pryer, *pro se.*