A04A0901. WHITE v. GEORGIA PEACE OFFICER
STANDARDS AND TRAINING COUNCIL.
(605 SE2d 136)

PHIPPS, Judge.

Leonce S. White appeals a superior court order affirming an administrative decision of the Georgia Peace Officer Standards and Training (POST) Council that denied his requests for waivers of certain POST rules. Because White has not demonstrated reversible error, we affirm.

White was certified as a peace officer by the POST Council (council). Since 1990, he had been working for the Atlanta Police Department (APD) as a law enforcement officer. On October 16, 2001, White was suspended for 30 days without pay based on the APD's determination that facts underlying a criminal charge against White demonstrated that he had violated certain work rules. After the suspension, White resumed his duties at the APD.

In February 2002, White received a letter from a POST investigator sent by regular mail to his residence. The letter advised him that, because of his suspension for violating work rules, the council had "initiated an investigation in order that it may make an appropriate decision regarding [his] certification." The letter offered White the opportunity to provide a response to the investigation and asked him to "please include a complete residential mailing address and telephone number(s) for future correspondence."

White provided no response to that letter and heard nothing further about the matter until January 13, 2003, when he was informed by the APD Office of Professional Standards that his peace

officer certification had been revoked. Because that certification was required for White to work as a peace officer, his employment with APD was terminated.

White thereafter contacted the council and learned that on September 27, 2002, it had mailed to his residence a certified letter setting forth allegations of work rule violations that stemmed from the criminal charge against him. The letter stated that, based on those allegations and in accordance with OCGA § 35-8-7.1, his peace officer certification was "[t]hereby subject to revocation." The letter explained that White could request a hearing on the matter if he followed the two-step procedure set forth in POST Rule 464-8-.01.[1] Under that rule, a peace officer must make a written request for a hearing "within fifteen (15) calendar days of receipt of notice of adverse action. For purposes of notification, mailing by certified mail to . . . the last known address of the officer . . . shall constitute proper service."[2] The rule further requires that the peace officer send to the council a response to the outlined allegations within "thirty (30) calendar days after service of notice."[3] Under that rule, "[a]ll allegations which are not specifically answered are deemed to be admitted."[4]

The letter also expressly warned that allegations not responded to would be deemed admitted, that failure to send a timely response to the council would result in the proposed revocation becoming final, and that no other notice would be sent. However, the letter had been returned to the council in its envelope stamped "unclaimed" and "1st notice 9-30-02[;] 2nd notice 10-9[;] returned 10-15."

White immediately retained counsel and, relying on the council's announced procedure,[5] mailed a written request to the council asking for a "waiver before [the] Executive Committee" and for the matter to "be placed on the agenda for the Executive Committee of the next available POST Council meeting." A "waiver" is a "decision by an agency not to apply all or part of a rule to a person who is subject to

---

[1] Ga. Comp. R. & Regs. r. 464-8-.01.

[2] Ga. Comp. R. & Regs. r. 464-8-.01 (1).

[3] Ga. Comp. R. & Regs. r. 464-8-.01 (2).

[4] Id.

[5] A waiver request will be placed on the agenda for the Executive Committee of the next available POST Council meeting. The requestor may appear before the Executive Committee and will be notified of the date, time and place of the meeting. If a waiver is approved by the Executive Committee, the committee recommendation will be brought before the POST Council. If the Council approves the committee recommendation, the Council will then hear the petition for reinstatement or reconsideration.

the rule."[6] White's request cited POST Rule 464-18-.02,[7] which provides that "for good cause shown, the Council may, in the exercise of its discretion, grant a waiver or waivers of an existing requirement or grant a reasonable period or periods of extension of any requirement imposed under these Rules."

On June 11, 2003, White appeared with counsel at a hearing before the executive committee. Minutes of White's hearing begin, "This is a request from Leonce S. White for a waiver to the 24 month Rule 464-18-.014." The minutes record that White's counsel outlined White's law enforcement career, asserted that White had not received the September 2002 letter, and then requested that the council either (1) allow White to respond to the September 2002 letter, despite the lapse of time, or (2) allow White to proceed with a petition to reinstate his certification without waiting 24 months from the time of the revocation (as required by POST Rule 464-18-.01).[8] According to the minutes,

> Committee members expressed that it was hard to believe that Mr. White did not receive some kind of notification from the Postal Service that he had certified mail that needed to be picked up. Especially since there had been 4 attempts to deliver it. [A POST director] made a motion to deny the request for 24 month waiver of POST Rule 464-18-.014 for Mr. Leonce S. White. [Another POST director] seconded the motion. All were in favor, and the motion carried.

The next day, the full council met. Minutes from that meeting show that the full council accepted the executive committee's recommendation that White's "request for a waiver of the 24 month rule" be denied. On June 17, 2003, the council sent White's counsel a letter stating that it had "considered [White's] petition for a waiver of Rule 464-18-.01. It was the decision of the Council to Deny your petition."

White appealed to the superior court. He argued that (1) he was denied due process because he never received the September 2002 letter and thus had no opportunity to respond to the allegations that resulted in the revocation; (2) POST Rule 464-8-.01 (1),[9] providing that "mailing by certified mail to the last address specified on the application or the last known address of the officer ... shall constitute proper service," is unconstitutional because it considers service proper even where the certified letter is returned to the council "unclaimed";

---

[6] OCGA § 50-13-9.1 (b) (3).

[7] Ga. Comp. R. & Regs. r. 464-18-.02.

[8] Ga. Comp. R. & Regs. r. 464-18-.01.

[9] Ga. Comp. R. & Regs. r. 464-8-.01 (1).

(3) his request for waivers had not been considered by the council since only the executive committee had attended the June 11 meeting; and (4) the council's denial was an abuse of discretion. In addition, White claimed that he had not received "any alleged postal notification forms informing [him] of any attempted delivery of certified mail to [his] residence." After a hearing, the superior court issued an order affirming "the decision of the City of Atlanta Officer of Professional Standards."

1. As an initial matter, we agree with the parties that the superior court affirmed the decision of the council, yet incorrectly, but inadvertently, referred to the "City of Atlanta Officer of Professional Standards" in its order.

2. Citing various Code sections and POST rules vesting the "council" with the duty and power to decide issues regarding peace officer certification,[10] White argues that the council's decision is void because the full council was not present at the June 11, 2003 hearing. In addition, White complains of the council's procedure that permitted the executive committee involvement in his case.

But White complied with that procedure by expressly asking for a hearing before the executive committee and thereafter participating in a hearing before only the executive committee — both without objection. Such acquiescence waived a subsequent claim of error concerning the council's procedure.[11]

Furthermore, the council's decision is not void as argued by White. The council is an "agency" within the purview of the Georgia Administrative Procedure Act.[12] That Act provides, "Unless specifically precluded by statute, in addition to the agency, any contested case may be held before any agency representative who has been selected and appointed by the agency for such purpose."[13] White cites no precluding statute; nor does he assert that the council had not designated his case for consideration first by the executive committee. His assertion that his case was not a "contested" one is without merit. The Act defines a "contested case" as a "proceeding . . . in which

---

[10] See OCGA §§ 35-8-7; 35-8-7.1; Ga. Comp. R. & Regs. rr. 464-4-.04; 464-4-.07; 464-18-.01; 464-18-.02.

[11] See *Plaza Properties v. Prime Business Investments*, 240 Ga. App. 639, 640 (1) (524 SE2d 306) (1999), aff'd, *Plaza Properties v. Prime Business Investments*, 273 Ga. 97 (538 SE2d 51) (2000).

[12] OCGA § 50-13-1 et seq. See OCGA §§ 50-13-2 (1) (" 'Agency' means each state board, bureau, commission, department, activity, or officer authorized by law expressly to make rules and regulations or to determine *contested cases*. . . ."); 35-8-7 (23) (vesting the council with the power and duty to "adopt in accordance with Chapter 13 of Title 50, the 'Georgia Administrative Procedure Act,' such rules and regulations as are necessary to carry out the purposes of [the Georgia Peace Officer Standards and Training Act]"); 35-8-7.2 (POST council proceedings shall be conducted in accordance with Chapter 13 of Title 50).

[13] OCGA § 50-13-13 (a) (5).

the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing."[14] All parties agree that White's case, determining the status of his certification, required providing White with an opportunity to be heard.

3. White asserts that his request for a waiver pursuant to POST "Rule 464-18-.02" was never considered by the council. He alleges that the executive committee erroneously considered his request under POST "Rule 464-18-.014." He points out that the minutes from the full council meeting refer only to his "request for a waiver of the 24 month rule" and that the council's June 17, 2003 letter refers only to "Rule 464-18-.01."

White has not provided a transcript of either the executive committee meeting or the full council meeting, even though such oral proceedings or any part thereof could have been transcribed or otherwise recorded at his request.[15] Although the minutes from the executive committee hearing refer to "Rule 464-18-.014," we conclude that such reference is a typographical error because (1) there is no POST "Rule 464-18-.014"; and (2) it is POST "Rule 464-18-.01"[16] that pertinently provides that "[a]fter two (2) years (24 calendar months) in a revoked or denied status, a former officer or applicant may petition Council for reinstatement of certification or reconsideration of application." And according to the minutes of the executive committee hearing, White's counsel specified two waiver requests. The first would have waived the requirements set forth in POST Rule 464-18-.01 (1),[17] thus allowing White to immediately petition for reinstatement of his certification. The second request would have waived the requirements set forth in POST Rule 464-8-.01,[18] thus allowing White to belatedly respond to the "unclaimed" letter.

POST Rule 464-18-.02,[19] cited in White's written request for a waiver, merely authorizes the council to grant a waiver of POST requirements under specified circumstances. While the council did not grant either of White's requests, under this record, White has not shown that it failed to consider both of them.[20]

4. Relying on the fact that the letter was returned to the council stamped "unclaimed," White contends that POST Rule 464-8-.01[21] is unconstitutional and that he was denied due process. But White has

[14] OCGA § 50-13-2 (2).
[15] See OCGA § 50-13-13 (a) (8) (B).
[16] Ga. Comp. R. & Regs. r. 464-18-.01.
[17] Ga. Comp. R. & Regs. r. 464-18-.01 (1).
[18] Ga. Comp. R. & Regs. r. 464-8-.01.
[19] Ga. Comp. R. & Regs. r. 464-18-.02.
[20] See *Young v. Pryer*, 257 Ga. App. 768 (572 SE2d 99) (2002).
[21] Ga. Comp. R. & Regs. r. 464-8-.01.

failed to show that he raised these constitutional challenges first before the council. Consequently, this contention presents nothing for this court to review.[22]

5. White contends that the council abused its discretion in denying his request for a waiver pursuant to POST Rule 464-18-.02,[23] arguing that he has shown "good cause" for a waiver. He maintains that he did not actually receive the September 2002 letter and that he therefore did not know that he had an opportunity to be heard. Furthermore, White points out, he has already been disciplined for violating the work rules through the 30-day suspension from his employment with the APD.

White acknowledged receiving at his residence the council's February 2002 letter that informed him that the council was evaluating whether to revoke his peace officer certification and advised him that future correspondence from the council would be mailed to his residence. It is uncontroverted that, subsequently, the council sent correspondence by certified mail to White at that same address informing him that his peace officer certification was subject to revocation and advising him of the opportunity to be heard. White conceded that, during all relevant times, he lived at that address and had not been away for any period of time exceeding three days.

The questions of whether POST Rule 464-8-.01[24] is unconstitutional and whether White was deprived of due process are not properly before us. Here, the council complied with POST Rule 464-8-.01 by sending a letter concerning the proposed revocation of White's certification "by certified mail to . . . the last known address of the officer." The council was therefore authorized to determine that White had been properly served. The council then rejected White's assertion that he had received no notice that a certified letter was awaiting him and determined that his failure or refusal to claim the letter did not establish good cause for granting a waiver. Under the circumstances of this case, we cannot say that the council abused its discretion.[25]

6. Finally, White claims that the council abused its discretion in denying him a waiver, asserting that the council failed to comply with

---

[22] See OCGA § 50-13-19 (c); *Sparks v. Caldwell*, 244 Ga. 530 (261 SE2d 590) (1979); *Elson's Book Store v. Buice*, 227 Ga. 170-171 (179 SE2d 250) (1971); *GSW, Inc. v. Dept. of Natural Resources*, 254 Ga. App. 283, 285-286 (1) (562 SE2d 253) (2002); *North Fulton Community Hosp. v. State Health Planning & Dev. Agency*, 168 Ga. App. 801, 803 (1) (310 SE2d 764) (1983).

[23] Ga. Comp. R. & Regs. r. 464-18-.02.

[24] Ga. Comp. R. & Regs. r. 464-8-.01.

[25] See generally *Five Star Steel Contractors v. Colonial Credit Union*, 208 Ga. App. 694 (431 SE2d 712) (1993).

OCGA § 50-13-9.1 (e). But, as White has failed to show that he raised this claim below, it has been waived.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 28, 2004.

*McKenney & Froelich, William J. McKenney,* for appellant.

*Thurbert E. Baker, Attorney General, Christopher S. Brasher, Senior Assistant Attorney General, Vinson, Talley, Richardson & Cable, James J. Phillips,* for appellee.