**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**September 30, 2014**

# In the Court of Appeals of Georgia

A14A1003. GEORGIA PEACE OFFICERS STANDARDS AND
TRAINING COUNCIL v. HODGES.

McMILLIAN, Judge.

Appellant Georgia Peace Officers Standards and Training Council's ("P.O.S.T." or "Council") is appealing a superior court order, which reversed P.O.S.T.'s denial of appellee Julian B. Hodges, III's petition for reinstatement of his certification as a peace officer, and also affirmatively granted Hodges' reinstatement as a peace officer. Because the superior court granted the petition on grounds not raised before the agency, we reverse and remand this case for further proceedings as more fully set forth below.[1]

---

[1] At the outset, we take this occasion to remind counsel about the page limitations set out in Court of Appeals Rule 24 (f). Accordingly, we strike pages pages 16 to 20 of appellant's reply brief and have not considered the argument contained on those pages in this appeal.

The record shows that on December 5, 2012, Hodges voluntarily surrendered his peace officer certification, effective January 2011,[2] amidst allegations, among others, that he had written numerous bad checks, that he had failed to notify the appropriate agency that warrants for his arrest had been issued in connection with the bad checks, and that he had been untruthful during the investigation of these matters. Hodges did not and does not contest the revocation of his P.O.S.T. certification.

Three months after Hodges executed the voluntary surrender, in March 2013, Hodges requested in writing to have his P.O.S.T. certification reinstated pursuant to Ga. Comp. R. & Regs., r. 464-18-.01 (1).[3] Upon review, the P.O.S.T. staff recommended that the certification committee review Hodges' request, and the record reflects that Hodges appeared before the certification committee on April 17, 2013. Following a full hearing at which Hodges was allowed to present his case before the committee, the certification committee voted to recommend that Hodges' request be denied.

---

[2] The voluntary surrender document reflects that Hodges executed the surrender on December 5, 2012, nunc pro tunc to January 1, 2011.

[3] The voluntary surrender that Hodges executed also acknowledged that his certifications were revoked "unless and until such time as my certifications may be reinstated, in the sole discretion of the Council."

A hearing on Hodges' reinstatement request was scheduled before the full P.O.S.T. Council on June 5, 2013. However, shortly before the hearing, Hodges' newly retained counsel filed a request for continuance, citing the fact that he had not yet had time to prepare for the hearing and that he had a jury trial scheduled. At the June 5, 2013 meeting, the P.O.S.T. executive committee voted to recommend to the full council that Hodges' request for a continuance be denied. On the same day, the full P.O.S.T. Council voted to accept that recommendation and denied Hodges' request for a continuance. Further, also at its June 5, 2013 meeting, the P.O.S.T. Council accepted the recommendation of the certification committee and denied Hodges' request for reinstatement of his certification.

Hodges then filed a petition for judicial review in the Superior Court of Bulloch County. Hodges sought review under OCGA § 35-8-7.2 (b) "on the grounds that the action taken by . . . P.O.S.T. regarding Petitioner's Request for Reinstatement of Certification is clearly erroneous and arbitrary in view of the reliable, probative, and substantial evidence presented by Petitioner. Further, the action taken by Respondent P.O.S.T. in this matter constitutes a clearly unwarranted exercise and abuse of discretion." A certified copy of the record consisting of approximately 53 pages from the administrative proceedings was transmitted to the clerk of the superior

3

court on July 25, 2013, and the superior court scheduled a hearing on Hodges' petition for October 15, 2013.

On October 7, 2013, P.O.S.T.'s attorney sent additional documents to the superior court, without seeking permission to do so, in an attempt to supplement the certified record that had been previously transmitted. It appears that the attempted supplementation was spurred by queries by Hodges' counsel as to whether the record was complete, and it appears that the attempted supplementation consisted of both additional documents and audio recordings of P.O.S.T. meetings.

Upon the attempted supplementation by P.O.S.T. Council's attorney, Hodges' counsel emailed the superior court judge to request a continuance to review the documents, and P.O.S.T.'s attorney responded that she did not object to the continuance. However, as found by the trial court, "[t]he Court . . . never granted any continuance, never removed the hearing from the calendar and never notified either party that their presence at the October 15, 2013 hearing was excused."

At the scheduled hearing, P.O.S.T.'s attorney failed to appear and Hodges' counsel withdrew his request for a continuance, instead objecting to the supplementation of the record and arguing that the relevant statute, (OCGA § 50-13-

4

19 (e)),[4] required P.O.S.T. to request permission from the court to supplement the record. The superior court granted Hodges' request that P.O.S.T. not be allowed to supplement the record, and upon motion by Hodges' counsel to "grant our petition since she's not here," the superior court also orally granted Hodges' petition for judicial review and asked Hodges' counsel to prepare the order.

The superior court subsequently entered a written order striking the additional portions of the record P.O.S.T. submitted without permission. Further, the superior court granted Hodges' petition, reversed P.O.S.T.'s decision to deny Hodges' application for recertification, and ordered that Hodges peace officer certification be reinstated under the authority given by OCGA § 35-8-7.2. In so ruling, the superior court found "that Mr. Hodges' rights have been prejudiced because the decision made by [P.O.S.T. Council] was made upon unlawful procedure and in violation of

---

[4] That section provides in full:

Within 30 days after the service of the petition or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened. A party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record.

statutory provisions as governed by OCGA § 50-13-19." Specifically, the court found that P.O.S.T. had failed to follow various provisions of the Administrative Procedure Act, OCGA § 50-13-1 et seq., including "failure to provide proper formal notice in accordance with OCGA § 15-13-13 (a) (1) and (2); denial of Petitioner's right to counsel and right to respond and present evidence on all issues involved in a contested case in violation of OCGA § 50-13-13 (a) (3); failure to keep a proper record of the proceedings below in violation of OCGA § 50-13-13 (a) (8); and failure to issue a proper final decision in accordance with OCGA § 50-13-17 (b) or 50-13-13 (a) (9)."

P.O.S.T. now appeals, arguing, among other things,[5] that the trial court erred by reversing the P.O.S.T. ruling based on alleged procedural violations because Hodges never challenged the P.O.S.T. decision on any of the grounds cited in the trial court's order. We agree. The Georgia Peace Officer Standards and Training Act, OCGA § 35-8-1 et seq., establishes the Georgia Peace Officer Standards and Training Council and outlines the functions and powers of the Council, including the issuance

[5] P.O.S.T. raised this argument in his application for discretionary review. See *Zekser v. Zekser*, 293 Ga. 366, 369-370 (2) (744 SE2d 698) (2013) (limiting review in discretionary appeals to the errors actually enumerated in the application for discretionary review).

of peace officer certifications. Specifically, OCGA § 35-8-7.2 (a) provides: "Except as otherwise provided in subsection (b) of this Code section, proceedings of the council in the exercise of its authority to issue any certificate or discipline any peace officer under the terms of this chapter shall be conducted in accordance with Chapter 13 of Title 50, the 'Georgia Administrative Procedure Act.'" Subsection (b), in turn, governs proceedings for review of a final decision of the Council and provides that the petition is to be filed within 30 days after service of the final decision and in the superior court of the county of residence of the petitioner.[6]

OCGA § 50-13-19 governs the judicial review of contested cases[7] in state agencies. Section 50-13-19 (b) provides:

> Irrespective of any provisions of statute or agency rule with respect to motions for rehearing or reconsideration after a final agency decision or

---

[6] P.O.S.T. does not dispute the timeliness or venue of Hodges' petition.

[7] P.O.S.T. argues for the first time on appeal that the denial of Hodges' application for certification was not a contested case within the meaning of another provision of the Georgia Administrative Procedure Act, OCGA § 50-13-13, and that P.O.S.T. has the sole discretion as to whether to grant or deny an application for certification. We need not decide whether the denial of Hodges' application constitutes a "contested case" within the meaning of either OCGA § 50-13-13 or OCGA § 50-13-19 because in the trial court, P.O.S.T. admitted in its response to Hodges' petition for judicial review that "[t]he review is authorized by OCGA § 35-8-7.2 and governed by OCGA § 50-13-19." And on appeal, both P.O.S.T. and Hodges agree that OCGA § 50-13-19 applies.

7

order, the filing of such a motion shall not be a prerequisite to the filing of any action for judicial review or relief; provided, however, that no objection to any order or decision of any agency shall be considered by the court upon petition for review unless such objection has been urged before the agency.

Based on our review of the record, we cannot find any instance in which Hodges objected to procedural irregularities during the P.O.S.T. proceedings. Further, he did not raise any issue concerning any alleged improprieties in his petition for judicial review, instead seeking a reversal based on alleged evidentiary insufficiencies and contentions that the P.O.S.T. abused its discretion. Moreover, although Hodges' attorney mentioned that there may have been certain "statutory violations" at the October 15, 2013 hearing, he did not elaborate or point to any statute or specific violation. Indeed, as P.O.S.T. points out, the first mention of any specific procedural error was in the superior court's order, which was prepared by Hodges' counsel.

Hodges argues, however, that OCGA § 35-8-7.2 does not require an aggrieved party to first seek a rehearing or move for reconsideration prior to filing a petition for judicial review in the superior court. Although Hodges is correct, OCGA § 50-13-19 (c) explicitly provides that notwithstanding that a motion for rehearing or reconsideration is not required prior to seeking judicial review, "*no objection to any*

*order or decision of any agency shall be considered by the court upon petition for review unless such objection has been urged before the agency.*" (Emphasis supplied.)

Further, while OCGA § 50-13-19 (g) allows the superior court to receive proof of alleged procedural irregularities in an administrative proceeding that are not shown in the agency record,[8] this exception does not obviate the requirement that objections or arguments must first be raised before the agency prior to raising the issue in the reviewing court. *North Fulton Community Hosp. v. State Health Planning & Dev. Agency*, 168 Ga. App. 801, 802 (1) (310 SE2d 764) (1983). As our Supreme Court has explained

> [t]he authorization to the superior court set forth in [OCGA § 50-13-19 (g)] to hear evidence relating to alleged irregularities in procedure before the agency that are not shown in the record is an exception to the principle that review by the superior court shall be confined to the record *but it not an exception to the principle stated in [OCGA § 50-13-19 (c)] requiring objections to agency decisions or orders to be urged*

---

[8] That section provides that "review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs."

9

*in the first instance before the agency.* (Citation omitted; emphasis supplied.) Id. at 803.

Based on the foregoing, we find that the superior court erred by reversing the decision of the P.O.S.T. Council based on grounds that were never urged before the Council and that were not raised in the petition for judicial review or at the hearing on the petition. See *White v. Ga. Peace Officer Standards and Training Council*, 269 Ga. App. 747, 750-752 (2), (4), (6) (605 SE2d 136) (2004). However, because it appears that the superior court has not considered the grounds that were raised in Hodges' petition for judicial review and that Hodges has not had an opportunity to argue these contentions before the superior court, we hereby remand this case for further consideration. Further, the superior court is authorized to conduct whatever proceedings it deems necessary to decide the issues raised in Hodges' petition for judicial review.[9]

*Judgment reversed and case remanded with direction. Phipps, C. J., and Ellington, P. J., concur.*

---

[9] P.O.S.T. does not challenge the trial court's decision to strike its supplemental filings on October 7, 2013; accordingly, that part of the superior court's order stands affirmed. However, the superior court may reconsider this issue as it deems necessary to allow Hodges a full opportunity to present his case and meet his burden to secure reversal of the Council's decision based on evidentiary grounds.