Wardlaw *vs.* McConnell.

---

JOREPH M. WARDLAW, plaintiff in error *vs.* MARTHA A. McCONNELL, executrix, defendant in error.

1. When a motion is made for a new trial on the ground that the Court erred in refusing to continue the cause on a showing by the party complaining that a material witness is absent, and the Judge overrules the motion, this Court will scan the showing very closely, and will not interfere unless there is a complete compliance with the rules of Court.
2. In this case the verdict is sustained by the evidence, and, under the rule so often announced, the judgment of the Court below ought to be affirmed.

Where the note sued' on is alleged to have been paid by the transfer of notes and accounts, it is unnecessary to set them out in the plea of payment. (R.)

Continuance. New trial. Before Judge HARVEY. Chattooga Superior Court. March Term, 1872.

Martha A. McConnell, as executrix upon the estate of William McConnell, deceased, brought complaint against Joseph M. Wardlaw, on a note dated January 18th, 1858, due one day after the date thereof, payable to J. T. McConnell, executor, for $726. The defendant pleaded the general issue, payment and set-off.

When the case was called for trial, defendant moved for a continuance upon the following showing, to-wit: that he had ordered a subpœna for Joel K. Sanders to be served by the sheriff before last Court; that he had supposed said subpœna had been served until the last week of Walker Court, in which he served nearly all the week as a juror, when he was informed by the witness that he had not received it; that defendant requested him particularly to attend Court the next week at Summerville, which he promised to do; that defendant had heard while at LaFayette Court that the subpœna had gone to the wrong place; that the witness lived in Chattooga county, was not absent by his consent or procurement, and he expected to have him present by the next Court; that his testimony was material, as he expected to prove by him that plaintiff had, in the hearing of witness, when charged with suing on a note which she knew to be paid, said she was doing no more than others were doing since the war, as every body took all the advantage they could. The continuance was refused and defendant excepted.

The following evidence was introduced for the plaintiff, to-wit:

1st. The note sued on.

2d. The affidavit as to the payment of taxes thereon.

3d. Martha A. McConnell sworn: Witness is a widow; her son Joseph T. McConnell had the note and was the acting executor until he was killed at the battle of Chickamauga; soon afterwards she obtained the note; supposed her son paid the taxes; last Court she had paid the taxes as directed, till ........; that she had not paid the taxes for two years before last Court until then, because she was in doubt whether she could collect the note. William McConnell left seven

children; three of them had died since the war, leaving minor children, seven in number, interested in the note; her son Joseph left no children; she borrowed $600 in Confederate money during the late war from defendant and gave her note for it; she bought a piano with the money, which she has sold since the war for $175; she was due him another note for $20 in good money; she had told him that these credits should go on his note; she believed the balance was due.

4th. Barber's Table showing Confederate money, at the time the $600 was borrowed, to be worth three for one in gold.

The plaintiff closed.

### EVIDENCE FOR DEFENDANT.

John Farris, sworn : Had a conversation with Joseph T. McConnell, in Ringgold, about the note sued on and the wheat; witness had wheat belonging to defendant for sale; he let McConnell have it with the understanding that its value was to be credited on the note; does not recollect how much wheat there was.

Enoch Pettijohn, sworn : Witness had a conversation with Joseph T. McConnell relative to a note given by defendant to him as executor for $700 or thereabouts; that McConnell said the note was about paid off in certain claims transferred to him by defendant; witness had been doing the business for defendant in which the debts were contracted, which were transferred to McConnell, and McConnell wished to know if they were on reliable men; McConnell afterwards told witness that he had collected the claims.

Several witnesses were introduced by both plaintiff and defendant, impeaching and sustaining the witness, Pettijohn.

The jury returned a verdict for the plaintiff. Defendant moved for a new trial, among other grounds, because the Court erred in overruling the motion for a continuance, and because the verdict was contrary to the evidence. The motion was overruled and defendant excepted, and assigns error upon each of the grounds aforesaid.

WRIGHT & FEATHERSTON, for plaintiff in error.

F. A. KIRBY, for defendant.

McCAY, Judge.

The continuance of a case is, by the statute, placed at the discretion of the Court. True, this Court will inquire into the exercise of that discretion, and if it has been improperly made use of to the injury of the party losing the case at the final hearing, this Court will interfere. Still, we must, from the nature of the case, give every presumption to the decision of the Court. In this case, the showing has the serious defect that it does not show any subpoena to have issued. All that is said is, that the defendant ordered a subpoena to be served. To whom did he give the order? This does not appear. It would be presuming a great deal in favor of this showing to presume the order to have been given to the *clerk*, with an additional order to him to give it to the sheriff. The rule is that no presumptions are to be made in favor of such showings. They are made *ex parte*, and the duty of one who relies upon it is to make it conform to the rules.

It was no necessary, or even proper part of the plea of *payment* that the notes and accounts should be set out.

As to the verdict, we think there is evidence sufficient in the record to justify it. True, there is strong evidence that the debt was paid, or admitted to be paid; but the character of the witness was attacked, and it was for the jury to weigh it. We are very reluctant to disturb a verdict, on the facts, when the Judge who presided at the trial refuses to interfere.

Judgment affirmed.