## CLAY vs. BARLOW.[*]

[Jackson, C. J., did not preside, on account of providential cause.]

1. The verdict is supported, if not required, by the evidence.
2. The presiding judge has a discretion in ordering the business of his court and determining whether it is proper to postpone a case or not; and it is only in instances of flagrant abuse in the exercise of such discretion that this court will interfere.
(a.) Where one of counsel for plaintiff moved for a postponement of the case until the afternoon train, on which he expected his client, should arrive, on the ground that he had been absent on professional business, having understood that another judge would preside during the first week of court for the trial of cases in which the resident judge was disqualified; that he did not return until Saturday evening, and then learning that the judge of the circuit would preside, immediately telegraphed his client, and received an answer that she would arrive on the train that evenning, there was no error in refusing to postpone the case, where the presiding judge certifies that it was called at the regular term of court and passed over to the adjourned term; that another attorney, who appeared as leading counsel, and who brought the suit and signed the declaration, knew of the facts, had applied for

*No full reports of opinions are published in this and the following cases, under the provisions of the act of March 2, 1875. (Rep.)

leave of absence and had been refused, and had asked that the case be set for a day late in the week, which had also been refused, without the consent of adverse counsel, and that such attorney had ample time to procure the attendance of the plaintiff.

3. Whether a case will be re-opened after the close of the testimony and the commencement of the argument, is a matter of discretion of the court. No party can claim it as a matter of right, and the indulgence should be sparingly and cautiously granted by the judge. Therefore, where the testimony of a plaintiff had been taken by interrogatories, which had been for some time in court, and in the hands of her counsel, and no attempt had been made to obtain further testimony from her, there was no error in refusing to re-open the case after the evidence had been closed, and all the arguments, except the concluding one, made, in order to allow the plaintiff to testify to facts which would, in part at least, have made a case different from the one on trial.

4. The refusals to charge, and the charges excepted to, if erroneous at all, did not injure the plaintiff.

5. The defendant's evidence objected to should have been admitted. It went to sustain her title, and was pertinent to the issue. It was shown to be genuine by one or two parties to the transaction. Judgment affirmed.

October 2, 1884.

HALL, Justice.

[Mrs. Rosa D. Clay brought trover against Mrs. Elizabeth Barlow for certain personalty. On the trial, the evidence for the plaintiff was, in brief, as follows: Plaintiff owned certain property in Thomasville, which her husband had sold for her, and bought the furniture in dispute with the proceeds. He had no interest in the property whatever. At the time of the purchase, it was agreed that Clay should purchase part of the furniture and Mrs. Barlow part. Winsor, the agent of Mrs. Barlow, did not desire the person from whom the purchase was made to know of her interest in the transaction. He furnished to Clay $850.00, and the latter effected the purchase. One-half of this was used for Mrs. Barlow, and the other half for Mrs. Clay. Clay then returned to Thomasville, made the sale of his wife's property, as above stated, and repaid the half due by his wife. He leased from Mrs.

Barlow the hotel in which the furniture was located, and being indebted to the extent of $400.00, Winsor, Mrs. Barlow's agent, refused to let plaintiff have the furniture. She gave notice that she would claim rent; it was worth $300.00 per annum, and it was of the value of $1,500.00. One Scott immediately succeeded Clay when the latter· gave up the property. He testified that, at the time Clay surrendered the property for the rent, he (witness) and Winsor were present, and that Mrs. Clay was present during a portion of the negotiations, but was not present when the surrender was made.

The evidence for the defendant was, in brief, as follows : Clay agreed to purchase the house furnishing goods in the hotel, and Mrs. Barlow was to purchase the "standing furniture." The whole amounted to about $1,500.00; Clay's part amounted to $850.00. After the trade was made, Winsor found that Clay did not have the money, and loaned it to him, taking his due-bill therefor. Clay subsequently made some payments, but as he did not direct any appropriation of them, Winsor applied them to the payment of the rent. Clay failed to pay, and Winsor, for Mrs. Barlow, took the furniture and released him, he giving a receipt for $800.00 " for the furniture scheduled," etc. If Mrs. Clay had any interest in the money paid, neither defendant nor her agent knew anything of it. Her claim was not heard of until after the transaction was over.

The jury found for the defendant. Plaintiff moved for a new trial, on the following grounds :

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court refused to postpone the case under the circumstances set out in the head-note, 2 (a).

(3.) Because the court refused to re-open the case on the arrival of plaintiff during the concluding argument, and allow her to testify that a large part of the furniture in suit was bought by her from merchants, and that her husband had nothing to do with it. [Plaintiff's interroga-

tories were used at the trial, and contained nothing on this subject.]

(4.) Because the entire charge was erroneous.

(5.) Because the following portion of the charge is illegal : " If you should believe from the evidence that Mr. Clay paid to Mr. Winsor the money of Mrs. Clay, the plaintiff, without knowledge upon the part of Winsor, or upon the part of the defendant, Mrs. Barlow, that it was Mrs. Clay's money, then I charge you that the plaintiff would not be entitled to recover.  If Winsor knew at the time of the payment of the money that it was Mrs. Clay's money, used in payment of her husband's debts, then I charge you that, in a proper action, she would be entitled to recover the amount of that money, but not in this form of action.

" If you should believe from the evidence that Mr. Clay borrowed of Mr. Winsor, acting as the agent of Mrs. Bar·low, the sum of eight hundred and fifty dollars, or other such sum, for the purchasing the property in dispute, and that he was repaid this sum of money with his own or his wife's money, or that if he repaid a portion of it, or all of it with money, without giving Winsor notice that it was his wife's money; if the evidence shows you that it was her money ; if it should further appear to you that Mr. Clay sold the property to Mrs. Barlow in a settlement between himself and Winsor, under the hypothetical facts just stated, then I charge you that the plaintiff would not be entitled to recover."

(6.) Because the court admitted in evidence, over objection, the receipt purporting to have been given by W. H. Clay.

(7.) Because the court admitted in evidence, over objection, the receipt given to Mrs. Barlow by Scott, upon his taking possession of the property.—The objection was that it was irrelevant.

(8.) Because the court admitted in evidence, over ob-

jection, the book containing an inventory of the goods surrendered by Clay and receipted for by Scott.

(9.) Because the court refused to charge as follows: " Every sale of a wife's separate property, in payment of her husband's debts, by her husband or herself, is void.

" If you believe from the evidence that the money received by W. H. Clay from Winsor was intended simply as a loan, and was returned by money of Mrs. R. D. Clay, and defendant's agent, Winsor, knew that it was Mrs. Clay's money, then the defendant cannot withhold the property in dispute from the plaintiff in this action."

The motion was overruled, and plaintiff excepted.]