### 7150.  TABOR *v.* THE STATE.

BROYLES, J.  1.  Where both burglary and larceny from the house are charged in the same indictment, and the accused is convicted of the higher offense, it is immaterial whether the larceny be proved or not. *Yarborough* v. *State*, 86 *Ga.* 396 (12 S. E. 650).

2.  The evidence strongly authorized, if it did not demand, the verdict returned; no error of law appears, and the court did not err in overruling the motion for a new trial.        *Judgment affirmed.*

DECIDED MARCH 24, 1916.

Indictment for burglary; from Haralson superior court—Judge Bartlett.  December 9, 1915.

*G. R. & H. C. Hutchens,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

---

### 6672.  BETENBO *v.* BROOKS & TABOR.

BROYLES, J.  1.  A trial court has, as to the granting or the denying of a continuance, a very wide discretion, which will not be controlled by a reviewing court unless it has been manifestly abused.  The rule is that where a party to a case makes a showing for a continuance, there is no presumption in favor of the showing; it is made ex parte and must strictly conform to the rules; and where the trial court refuses a continuance, this court will not interfere, unless the showing for a continuance has complied in every respect with the rules of court.  *Wardlaw* v. *McConnell*, 46 *Ga.* 273 (1).

(*a*) It not appearing from the showing for a continuance in this case, as required by section 5715 of the Civil Code, that the witnesses on account of whose alleged absence the continuance was asked were in fact absent, the court did not err in overruling the motion.

2.  There being some evidence to show that the plaintiff in error, a minor, was engaged in the business of farming as an adult with his father's permission, and that the contract (the purchase of a mule) upon which he was sued was connected with such business, and that the consideration had not failed, the verdict of the jury in the justice's court, finding for the plaintiff in that court, was authorized; and the judge of the superior court did not err in overruling the certiorari sued out by the defendant.        *Judgment affirmed.*

DECIDED MARCH 27, 1916.

Certiorari; from Franklin superior court—Judge Meadow.  May 7, 1915.

*Adams & Johnson,* for plaintiff in error.

*Dorough & Adams,* contra.