11099. LONG *v.* THE STATE.

11100. PAYNE *v.* THE STATE.

BROYLES, C. J. 1. Bias or prejudice on the part of a judge does not disqualify him, in the absence of a statutory provision on the subject. 17 Am. & Eng. Enc. Law, 738; 23 Cyc. 582; *Elliott* v. *Hipp*, 134 *Ga.* 848 (68 S. E. 736, 137 Am. St. R. 272, 20 Ann. Cas. 423).

(a) The only statutory provisions in Georgia on the subject of the disqualification of a judge are in section 4642 of the Civil Code of 1910. *Elliott* v. *Hipp*, supra. In the instant case it follows that the court did not err in overruling the special plea which set up that the judge should disqualify himself, for the reason that he refused to allow the defendants, although charged with a misdemeanor only, to make bail; and further that he stated in his charge to the grand jury, and in the presence of the petit jurors, that he would take full responsibility for not allowing the defendants to make bail. Nor was this statement of the court violative of section 1058 of the Penal Code of 1910, which forbids the judge to express any opinion as to the facts. That section relates only to statements made during the actual trial of the case, or in the charge to the petit jury trying the case. *White* v. *State*, 7 *Ga. App.* 20 (65 S. E. 1073).

2. A motion for a continuance based upon the absence of witnesses is insufficient unless all of the provisions of section 917 of the Penal Code of 1910 (Civil Code, § 5715) are complied with; and where the trial judge refuses a continuance, this court will not interfere, unless the showing for a continuance has complied in every respect with the provisions of the statute. *Wardlaw* v. *McConnell*, 46 *Ga.* 273 (1); *Hollingsworth* v. *State*, 17 *Ga. App.* 725 (1) (88 S. E. 213), and cit.; *McCain* v. *State*, 17 *Ga. App.* 750 (88 S. E. 409); *Belenbo* v. *Brooks*, 17 *Ga. App.* 754 (88 S. E. 411).

(a) It is not error to deny an application for a continuance based upon the absence of a witness, where the movant failed to show that the application was not made for the purpose of delay, although the showing in other respects was complete. *Cobb* v. *State*, 110 *Ga.* 314 (35 S. E. 178), and cit.; *Aiken* v. *Carmichael*, 127 *Ga.* 407 (56 S. E. 440).

(b) Upon the hearing of the defendants' motion for a continuance, based upon the absence of an alleged material witness, the movants failed to

show that the application was made not for the purpose of delay, but to enable them to procure the testimony of the absent witness. This court, therefore, under the above rulings, has no authority to interfere with the discretion of the trial judge in denying the motion.

3. The grounds of the motion for a new trial as to failure to charge the jury upon the law of circumstantial evidence do not show that the conviction of the defendants depend *wholly* upon circumstantial evidence, or that any timely written request for such a charge was given. These grounds, therefore, raise no question for determination by this court.

4. The verdict was authorized by the evidence, and it does not appear that the court erred in refusing the grant of a new trial .

*Judgments affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 3, 1920.

Accusations of possession of liquor; from Fannin superior court -- Judge Morris. November 1, 1919.

Application for certiorari was denied by the Supreme Court.

*B. L. Smith, Clay & Giles,* for plaintiffs in error.

*John T. Dorsey, solicitor-general, William Butt,* contra.