32394. STANLEY *v.* AMOS *et al.*

DECIDED MAY 20, 1949.

*Daisy L. Churchwell, W. J. Neville, Buckner F. Melton,* for plaintiff in error.

*David L. Mincey,* contra.

PARKER, J. The petition for certiorari showed a lack of diligence on the part of the plaintiff (defendant in the trial court) and her counsel. The case in the trial court had been started on Monday morning, when a jury had been stricken, and was adjourned until the following Wednesday morning. On Wednesday morning when it appeared that another case was on trial, the parties and counsel in this case were ordered back at 3 p. m. on Thursday. The trial judge stated on Wednesday morning that the defendant and her counsel "would be required to make a strict legal presentation of proof under oath for continuance," in the absence of which the case would be tried. The defendant's husband was in court and heard this announcement and communicated it to his wife. After the defendant's husband sustained a fall from his truck and suspected an injury to his hip, about 12:30 p. m. on Thursday, and his wife carried him to the hospital, a period of two hours and a half elapsed before the case was called at 3 o'clock, during which time counsel did not communicate with his client, nor she with him, or make any effort, so far as the petition for certiorari discloses, to make a legal showing for continuance in accordance with the previous notice given them by the court. These facts appear from the petition for certiorari.

Code § 81-1419 provides that "All applications for continuances are addressed to the sound legal discretion of the court." Code § 81-1416 is as follows: "In all cases, the party making an application for a continuance must .show that he has used due diligence." The discretion of a trial judge in granting or refusing a continuance will not be disturbed by the appellate court unless such discretion was manifestly and clearly abused. *Clay v. Barlow,* 73 *Ga.* 787 (2); *Betenbo* v. *Brooks,* 17 *Ga. App.* 754 (88 S. E. 411). "To entitle a party to a continuance . . evidence of some character, under oath, must be presented that

the absent party was in fact 'providentially prevented from attending at the trial.' A statement by counsel of the absent party in this case, that 'he had received a letter from his client advising him that he was ill and could not attend court,' was not a sufficient showing in support of that ground of the motion; and there was no error in overruling the motion for a continuance." *Covington* v. *Case Threshing Machine Co.*, 26 *Ga. App.* 781 (107 S. E. 370). See also *Cavender* v. *Atkins*, 2 *Ga. App.* 173 (58 S. E. 332); *O'Barr* v. *Alexander*, 37 *Ga.* 195.

While the petition for certiorari seems to undertake to assign error on the direction of the verdict against the defendant, an admission is made therein that the verdict was proper unless the petitioner was deprived of her constitutional right to be present when the case was tried. Was the petitioner denied due process of law because of her failure to be in court or to make a legal showing for continuance, as contended by the plaintiff in error? We think that she was not, under the allegations of her petition for certiorari. "When a citizen is accorded a trial in a court of justice according to the modes of procedure applicable to all cases of a similar kind, it can not be said that he has been denied 'due process of law.' " *Arthur* v. *State*, 146 *Ga.* 827 (1) (92 S. E. 637). Also, see *Sutton* v. *Hancock*, 118 *Ga.* 436, 442 (45 S. E. 504); *King* v. *State*, 174 *Ga.* 432 (163 S. E. 168).

The petition for certiorari failed to show that any error of law was committed by the trial judge, and the judge of the superior court did not err in dismissing it.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp. § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Parker, and Townsend, JJ., concur. Felton and Gardner, JJ., dissent.*

FELTON, J., dissenting. I think that the court erred in dismissing the petition for certiorari. I recognize the general rule which no doubt actuated the judge of the Municipal Court of Macon and the superior court judge, that is, that a party is not entitled to the continuance or postponement of a case unless it is made to appear to the court by proof under oath that the party

is prevented from being present by providential cause or that such proof could not be obtained prior to the motion for continuance or postponement by the exercise of due diligence by the party and her counsel. However, in this case two facts are alleged which preclude the application of that principle. We might call it a new application of the doctrine of last clear chance. Assuming that Mrs. Stanley's attorney was not sufficiently diligent in obtaining proof under oath that his client was providentially detained, still, it would seem that she could and would have been able to reach the courthouse, even after the trial of her case had begun, in time to have presented her side of the case. One fact alleged is that the communication from the petitioner's attorney's secretary was not reported by the deputy clerk to the judge. No reflection is intended upon this gentleman, but his judgment in the premises, if the facts alleged are true, was bad and amounted to a providential obstacle to the defendant in the case on trial. Mrs. Stanley, under the facts alleged, was evidently exercising all the diligence at her command, and the law will not hold her to the exercise of perfect judgment when what she did should have been sufficient. I am certain that the estimable trial judge would have afforded Mrs. Stanley the opportunity to come from her home to the court if he had known that she was as diligent as she alleges she was in trying to find out whether or not to do so. The other fact alleged is that the trial judge refused to let Mrs. Stanley's attorney telephone her from the judge's office, as a result of which she alleges she would have come to court. I think that proof of either one of these theories would require the reversal of the denial of a new trial.

I am authorized to state that Gardner, J., concurs in this dissent.