A05A0361. WIMBLEY v. WASHINGTON MUTUAL BANK.
(610 SE2d 124)

BLACKBURN, Presiding Judge.

In this dispossessory action, Derrick S. Wimbley, acting pro se, appeals the trial court's grant of a writ of possession in favor of

---

[7] *Screws v. State*, 245 Ga. App. 664, 665 (1) (538 SE2d 547) (2000).

Washington Mutual Bank (the Bank), contending in nine related enumerations of error that the trial court erred because he had allegedly satisfied his debt prior to the Bank's foreclosure by tendering a "foreign bill of exchange." Because Wimbley failed to file a transcript of the bench trial held in this matter and thereby did not satisfy his burden to affirmatively show error by the record, we affirm.

The record shows that, on April 23, 2004, the Bank served Wimbley with a dispossessory warrant, stating that Wimbley was a tenant at sufferance in the subject property following foreclosure and requesting possession of the property only. Wimbley filed an answer on April 29, 2004, and a bench trial was held on the matter on May 12, 2004. Following trial, the trial court ordered that a writ of possession be granted in favor of the Bank on May 19, 2004.

At the bench trial, Wimbley apparently attempted to argue that the Bank's foreclosure of his property was improper, contending that he had tendered payment of the debt through a "foreign bill of exchange." Wimbley now tries to raise similar arguments on appeal, although such arguments appear inapposite in the present dispossessory as it concerned only possession of the property and not the payment of any debt (which has already been foreclosed).

Based on the record now before us, we are unable to reach Wimbley's contentions.

> [Wimbley] . . . failed to file a transcript of the [bench trial] proceedings and apparently did not attempt to reconstruct the transcript as allowed by OCGA § 5-6-41 (g) and (i). When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant, [Wimbley] had the burden to affirmatively show error by the record. This he failed to do. Therefore, we must presume the trial court's judgment granting [the Bank] a writ of possession is correct.

*Seay v. Gables Residential Svcs.*[1] See *Young v. Pryer*[2] (affirming writ of possession and money judgment where transcript was absent from appellate record).

*Judgment affirmed. Miller and Bernes, JJ., concur.*

---

[1] *Seay v. Gables Residential Svcs.*, 263 Ga. App. 495, 496 (588 SE2d 264) (2003).

[2] *Young v. Pryer*, 257 Ga. App. 768 (572 SE2d 99) (2002).

Decided February 1, 2005.

Derrick S. Wimbley, *pro se.*
*Morris, Schneider & Prior, Frank R. Olson,* for appellee.