## A06A0190. SIMMONS v. SOPRAMCO III, LLC.
(630 SE2d 61)

MIKELL, Judge.

Johnny Simmons appeals from the trial court's order dated August 25, 2005, granting judgment to Sopramco III, LLC, in its dispossessory action against Simmons. In his pro se appellate brief, Simmons contends that the evidence was not sufficient to show that the foreclosure sale of his property took place before he filed for bankruptcy. He also disputes the balance owed under the security deed. However, Simmons's arguments are not supported by reference to the record or citation of authority, as required by our Rule 25.[1]

Furthermore, the trial court's order shows that the matter came before the trial court in a nonjury trial, after which, based on the argument and the evidence, the trial court found that Sopramco was

---

[1] Simmons also fails to abide by our Rule 28 (a) (1) by requesting oral argument in his brief rather than in a separate document certifying, among other things, that opposing counsel has been notified of the request. Simmons's request for oral argument is denied.

entitled to a writ of possession. Simmons failed to request that a transcript of these proceedings be included in the record.

> When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant, [Simmons] had the burden to affirmatively show error by the record. This he failed to do. Therefore, we must presume the trial court's judgment granting [Sopramco] a writ of possession is correct.

(Citations and footnotes omitted.) *Wimbley v. Washington Mut. Bank*, 271 Ga. App. 477, 478 (610 SE2d 124) (2005). See also *Archer v. Pryer*, 275 Ga. App. 663 (621 SE2d 601) (2005). The trial court's judgment must be affirmed.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 7, 2006 —
RECONSIDERATION DENIED APRIL 13, 2006.

Johnny Simmons, *pro se.*
*McCullough & Payne, Michael D. Payne*, for appellee.