A06A0137. SEAMON v. SEAMON.
(630 SE2d 659)

ADAMS, Judge.

Robert B. Seamon appeals from the trial court's order denying his "Motion to Correct Order" and granting George H. Seamon's "Motion to Dissolve Order Granting Temporary Restraining Order and Reinstate Order of Dispossessory and Writ of Possession."[1]

George Seamon filed a dispossessory action against his brother Robert Seamon in Fulton County Magistrate Court in connection with the property located at 5511 Preserve Circle, Alpharetta, Fulton County, Georgia. The magistrate court ordered Robert Seamon to pay George Seamon $6,780 within ten days. In response, Robert Seamon filed bankruptcy proceedings. George Seamon later obtained relief from the automatic stay in order to pursue his action against Robert Seamon, and the magistrate court issued a dispossessory and writ of possession to George Seamon.

Shortly thereafter, on August 4, 2004, Robert Seamon through his attorney initiated a separate action in the superior court by filing a "Complaint for Rescission, Fraud and Punitive Damages and a Petition for Injunction Prohibiting Defendant from Dispossessing Plaintiff from the Premises Located at 5511 Preserve Circle, Alpharetta, Fulton County, GA, or of Otherwise Disposing of Said Real Property." After hearing the matter on November 3, 2004, the trial

---

[1] We note that both parties in this case violated Court of Appeals Rule 25 (a) (1) by failing to cite to the record and by citing only to documents attached to their appellate briefs. "But it is well established appellate procedure that this Court is unable to consider matters outside the record and transcript." (Citations omitted.) *Fiek v. State*, 266 Ga. App. 523, 526 (2) (597 SE2d 585) (2004). We take this opportunity to remind litigants that record citations "must be to the volume or part of the record or transcript and the page numbers that appear on the appellate records or transcript as sent from the court below." Court of Appeals Rule 25 (a) (1).

judge entered an order prepared by Robert Seamon's counsel granting Robert Seamon a temporary restraining order as of November 12, 2004. The order prohibited George Seamon from selling or borrowing against the Alpharetta property and ordered Robert Seamon to pay into the registry of the court monthly rental payments in the amount of $1,233.59 and back due monthly mortgage payments totaling $13,459.49 representing the period of January through November 2004. Robert Seamon's counsel withdrew from his representation on November 29, 2004.

Robert Seamon paid the $13,459.49 in back mortgage payments and began paying the monthly rental payments on the property. In March 2005, however, Robert Seamon failed to make his monthly payment and instead filed a "Motion to Correct Order." This motion appears to assert that the temporary restraining order submitted by his attorney incorrectly required him to make an extra month's mortgage payment, and he asked that the amount he overpaid in back mortgage payments be credited as his March 2005 monthly payment. George Seamon replied to this order and filed a motion requesting that the trial court reinstate the order of dispossessory and writ of possession. After a hearing, the trial judge denied Robert Seamon's "Motion to Correct Order," dissolved the temporary restraining order and reinstated the previously ordered dispossessory and writ of possession.[2]

Robert Seamon contends on appeal that the trial court erred in entering this order because the court's original temporary restraining order required that he pay back mortgage payments of $1,233.59 only for the period from February through November 2004, a period of ten months, whereas he actually paid eleven months' worth of back payments. But this assertion is belied by the judge's order, which states that Robert Seamon was required to pay $13,459.49 representing the 11-month period of January to November 2004. And we note that the amount of $1,233.59 per month represents only one-half of the full mortgage payment due and owing on the property, which was represented at the November 3, 2004 hearing to be $2,658 per month. Although the trial judge stated at the hearing that ten months of back payments were due and owing on the property, she also stated that Robert Seamon would be required to pay the full mortgage payment of $2,658 per month and indicated that she would require that he pay $26,500 into the registry of the court by November 12. Nevertheless, her written order required Robert Seamon to pay 11 months of back payments at the reduced rate of $1,223.59.

---

[2] This Court has jurisdiction to consider this matter as a direct appeal from a final order issuing a writ of possession in favor of George Seamon. OCGA § 5-6-34 (a) (1).

Robert Seamon has failed to provide any reason for this Court to second-guess this order. Following the July 22 hearing, the trial court found no merit to Robert Seamon's motion seeking to correct the order. And the court reinstated the dispossessory and writ of possession presumably due to Robert Seamon's failure to make the March 2005 payment. Although Robert Seamon contends that the trial judge admitted at the July 22 hearing that her temporary restraining order was incorrect, he failed to request that the transcript of that hearing be included in the record on appeal.[3] Accordingly, we must assume the trial court's judgment below was correct and affirm. *Hughley v. Habra*, 277 Ga. App. 138, 139 (625 SE2d 531) (2006).

> When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant, [Robert Seamon] had the burden to affirmatively show error by the record. This he failed to do. Therefore, we must presume the trial court's judgment granting [George Seamon] a writ of possession is correct.

(Citations omitted.) *Simmons v. Sopramco III, LLC*, 278 Ga. App. 830, 831 (630 SE2d 61) (2006). See also OCGA § 5-6-41 (c).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MAY 2, 2006.

Robert B. Seamon, *pro se.*
*Gleichman & Debranski, Ronald F. Debranski II*, for appellee.

---

[3] The notice of appeal "shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." OCGA § 5-6-37. Robert Seamon failed to designate that he would be including any transcript in the appellate record and no transcript of the July 22 hearing was included.