A06A1629. HALL v. HALL.
(635 SE2d 847)

MIKELL, Judge.

Alan Hall ("Alan") appeals from the trial court's order dated February 24, 2006, granting judgment to Mattie Hall ("Mattie") in her dispossessory action against Alan. Because Alan failed to file a transcript of the bench trial, we affirm.

In his pro se appellate brief, Alan contends inter alia that he did not receive "a full, fair, and impartial hearing" in the court below; that

he did not receive written notice of the February 24 bench trial; and that the court below failed to grant his request for "an extension" of the February 24 proceedings. Alan's arguments, however, are not supported by reference to the record or citation of authority, as required by our Rule 25, and, under Rule 25 (c) (2), such unsupported arguments may be deemed abandoned.[1]

Further, the record shows notice given to both parties of the February 24 trial date. Even if Alan did not receive this notice, it is clear that he knew of the hearing, in light of his efforts to obtain a continuance. The grant or denial of a continuance is within the sound discretion of the trial judge and will not be overturned absent a showing of abuse.[2] Alan has made no such showing.

Moreover, the trial court's order shows that the matter came before the trial court in a nonjury trial, after which, "the [c]ourt having heard and considered evidence, pleadings, and testimony," found that Mattie was entitled to a writ of possession. Alan failed to request that a transcript of these proceedings be included in the record.[3]

> When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant, [Alan] had the burden to affirmatively show error by the record. This he failed to do. Therefore, we must presume the trial court's judgment granting [Mattie] a writ of possession is correct.[4]

The trial court's judgment must be affirmed.
*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED AUGUST 23, 2006.

---

[1] *Simmons v. Sopramco III, LLC*, 278 Ga. App. 830 (630 SE2d 61) (2006). Alan also fails to abide by our Rule 28 (a) (1) by requesting oral argument in his brief rather than in a separate document certifying, among other things, that opposing counsel has been notified of the request. Alan's request for oral argument is denied. Id. at 830, n. 1.

[2] *Stanley v. Amos*, 79 Ga. App. 297, 300 (53 SE2d 568) (1949); *Betenbo v. Brooks & Tabor*, 17 Ga. App. 754 (88 SE 411) (1916).

[3] Under OCGA § 5-6-37, the notice of appeal "shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." See, e.g., *Seamon v. Seamon*, 279 Ga. App. 151, 153 (630 SE2d 659) (2006).

[4] (Citation and footnote omitted.) *Wimbley v. Washington Mut. Bank*, 271 Ga. App. 477, 478 (610 SE2d 124) (2005); accord, e.g., *Harden v. Young*, 268 Ga. App. 619, 620 (606 SE2d 6) (2004).

Alan Hall, *pro se.*
*W. Jason Uchitel*, for appellee.