## A07A0119. NANAN et al. v. STATE FARM INSURANCE COMPANY.
### (650 SE2d 283)

PHIPPS, Judge.

Mahabir and Shellielle Nanan sued State Farm Fire and Casualty Company for failure to pay a claim they made under their homeowners' insurance policy. State Farm denied the claim because of the Nanans' failure to comply with certain provisions of the policy. The state court dismissed the Nanans' complaint because of their refusal to comply with the court's discovery orders. The Nanans have filed this pro se appeal. Because they have failed to carry their burden of showing error in the judgment appealed, we affirm.

The Nanans brought this suit against State Farm on June 18, 2004, seeking $190,787.28 in damages based on State Farm's failure to compensate them for losses caused by a fire to their home. State Farm answered the complaint on July 16, asserting numerous defenses based on the Nanans' noncompliance with provisions of the policy by failing to submit a signed, sworn proof of loss with supporting documentation and by refusing to make their home available to State Farm for inspection.

It appears from the record that on December 22, State Farm filed notices to take the Nanans' depositions and to inspect their home. But after receiving an objection from the Nanans, State Farm filed amended notices scheduling the inspection for January 10 and the depositions for January 11. According to State Farm, the inspection did not take place because the Nanans did not permit entry into their home on January 10 and failed to appear for their depositions the next day.

After conducting a hearing on State Farm's motion to compel in April 2005, the trial court entered an order in May compelling the Nanans to appear for the taking of their depositions on or before May 27 and to permit their home to be inspected by State Farm prior to the taking of their depositions. The order also provided for the imposition of sanctions, including dismissal of the Nanans' complaint, if they failed to comply. State Farm duly filed notices to take the Nanans' depositions and inspect their home in conformity with the time frame in the court's order. But this time the Nanans informed State Farm, both in writing and in a telephone conversation, that they would not be available to permit inspection of their home or to appear for their depositions until June. Yet after counsel for State Farm informed the court reporter and other parties that the depositions had been cancelled, the Nanans appeared at his office at the time for which the depositions had been scheduled.

On May 31, State Farm filed a motion seeking dismissal of the Nanans' complaint as a sanction for noncompliance with the court's

discovery order. After the Nanans filed various counter-motions, a hearing was conducted in July. At the hearing, the court ordered the Nanans to make their home available for inspection on August 1 and to appear for their depositions on August 5. The court carefully explained to the Nanans that it was giving them one last chance to comply with State Farm's discovery requests and that no additional changes in the scheduling of their depositions or home inspection would be permitted without court order. In conformity with the court's order, State Farm filed notices to take the Nanans' depositions and inspect their home at the times specified by the court.

On August 2, State Farm filed a motion for sanctions on the ground that, without having obtained any protective order, the Nanans had refused to allow their home to be inspected on August 1. In support of its motion, State Farm submitted a copy of an objection to the inspection that it had received from the Nanans and an affidavit containing sworn testimony by State Farm's counsel. On August 10, State Farm filed a supplemental motion for sanctions on the ground that the Nanans had not appeared for the depositions on August 5. The supplemental motion was also supported by counsel's affidavit, among other things.

The Nanans filed a response to State Farm's motions, alleging that they had appeared for their scheduled depositions and denying State Farm's claim that they had refused to make their home available for inspection. Appended to the Nanans' response were various exhibits, such as an unsigned court order prohibiting State Farm from conducting the inspection of the Nanans' home. But none of the exhibits supported the allegations in the response. The court later entered an order dismissing the Nanans' complaint with prejudice because of their unjustifiable failure to comply with the court's order.

The Nanans filed a timely notice of appeal. Because a copy of the transcript of the July 2005 hearing was not included in the appellate record, we remanded the case to the trial court so that a complete record could be prepared and the appeal re-docketed. Apparently dissatisfied with the remand, the Nanans filed a petition for writ of certiorari that the Supreme Court of Georgia denied. Meanwhile, the record was completed and the case re-docketed, after which the Nanans filed a motion to dismiss the appeal. We treated that motion as a motion to withdraw the appeal, and we granted it. The Nanans, however, filed a brief objecting to that, so we entered an order vacating the withdrawal order and reinstating the appeal.

1. The Nanans claim that, contrary to the trial court's finding, they were in fact deposed on August 5. By sworn affidavit, however, counsel for State Farm has averred otherwise. And the Nanans have

presented no affidavits or any other evidentiary material contradicting counsel's testimony. State Farm, therefore, carried its burden of showing that the Nanans did not appear for their depositions. And the Nanans have not carried their burden of showing by the record that the court erred in finding otherwise.[1]

2. The Nanans contend that the court erred in dismissing their complaint as a sanction for noncompliance with the discovery order without first conducting a hearing.

> [I]n essence, what the law contemplates under OCGA § 9-11-37 is a two-step proceeding before the ultimate sanction of dismissal . . . may be imposed. First, a motion to compel must be filed and granted; second, after the party seeking sanctions notifies the court and the obstinate party of the latter's failure to comply with the order granting the motion to compel and of the moving party's desire for the imposition of sanctions, the trial court may apply sanctions after giving the obstinate party an opportunity to be heard and determining that the obstinate party's failure to obey was willful.[2]

> (T)he trial court need not conduct a hearing on the issue of wilfulness in every case. Such a requirement serves no purpose where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought. For example, in a case where a trial court has already conducted a hearing on a prior motion to compel, the record may already contain enough evidence of the obstinate party's willful behavior . . . that any hearing on the issue of willfulness would simply be duplicative.[3]

The record here amply shows the Nanans' wilful noncompliance with the court's May and July 2005 discovery orders after they had appeared at hearings that preceded entry of each order. State Farm filed motions for sanctions for the Nanans' noncompliance with the latter order, and the Nanans filed their responses. Viewing the motions, the responses, and the material supporting each, the court, without conducting yet another hearing, was authorized to find the

---

[1] See, e.g., *Wimbley v. Washington Mut. Bank*, 271 Ga. App. 477, 478 (610 SE2d 124) (2005).

[2] *McConnell v. Wright*, 281 Ga. 868, 869 (644 SE2d 111) (2007) (citation omitted).

[3] Id. at 869-870 (citations and punctuation omitted).

Nanans in wilful noncompliance with the court's final discovery order and to dismiss their complaint.[4]

3. The Nanans charge the trial court with error in dismissing their complaint during the pendency of a motion they had filed for recusal of the trial judge.

The Nanans filed their recusal motion after the July 2005 hearing. In the motion, they complained of the court's bias and prejudice toward them. But those claims find no support in the record. Moreover, the motion was not supported by any affidavits. And the motion, not filed until July, alleged grounds for disqualification that the Nanans would have first learned of in May. As such, the motion was neither timely nor legally sufficient.[5] Therefore, the court did not err in disregarding the motion and continuing to act upon the merits of the case.

4. The Nanans complain of State Farm's failure to abide by rules in OCGA §§ 9-11-34 and 9-11-26 in making its requests for inspection of their home. The Nanans have not, however, carried their burden of showing by the record that State Farm committed any rule violations. Nor does the record reflect any objections by the Nanans to any of State Farm's discovery requests on any of these grounds.

5. Similarly, there is no support in the record for the Nanans' complaint that the court forced them to prosecute this case without representation by counsel.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 29, 2007 —
RECONSIDERATION DENIED JULY 12, 2007 — ▮▮▮▮▮▮

Mahabir Nanan, *pro se.*
Shellielle Nanan, *pro se.*
*Swift, Currie, McGhee & Hiers, Gino L. Montoya, Mark T. Dietrichs, Hollowell, Foster & Gepp, Randy C. Gepp, Robert J. Hulsey, Douglas L. Brooks*, for appellee.

---

[4] See generally *Woods v. Gatch*, 272 Ga. App. 642 (613 SE2d 187) (2005).
[5] See Uniform Superior Court Rules 25.1–25.3.