A08A1254. ROBERTS v. STRONG.

(667 SE2d 632)

SMITH, Presiding Judge.

Felix Strong brought this dispossessory action against Lolita Roberts concerning residential property at 822 Crawford Avenue, Augusta, Georgia. In her answer, Roberts alleged that she was the rightful owner of the property. She also asserted a counterclaim in the amount of $94,300 and sought to have the entire case transferred to superior court.

The Civil Court of Richmond County held a hearing on November 21, 2007, and concluded that the dispossessory action would remain in the civil court, while Roberts's counterclaim would be transferred to the superior court because it exceeded the jurisdictional limits of the civil court. Following a hearing on the dispossessory action, the court issued a writ of possession in favor of Strong.

Roberts now appeals, contending that the trial court erred by failing to also transfer the dispossessory action to superior court pursuant to OCGA § 15-10-45 (d), and by failing to "inquire as to whether the parties were willing to consent to consolidation of their claims pursuant to OCGA § 9-11-42 (a)."

1. Roberts first argues that the court should have also transferred the dispossessory action to the superior court pursuant to OCGA § 15-10-45 (d). That Code section, however, is applicable only to magistrate courts, and we find no authority requiring its application to the Civil Court of Richmond County. Here, that court elected to bifurcate the claims (see OCGA § 9-11-42), and then transfer Roberts's counterclaim to the superior court pursuant to the Uniform Transfer Rules applicable to all courts.[1]

2. Roberts argues that the trial court failed to determine whether the parties were willing to consent to consolidation of their claims pursuant to OCGA § 9-11-42 (a). We cannot consider this argument, however, because there is no transcript of either the bifurcation hearing or the dispossessory hearing. Roberts's amended notice of appeal requests that the trial court clerk transmit to this court only "copies of all records pertaining to this case as required by law." "When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession." (Citations, punctuation and footnote omitted.) *Hall v. Hall*, 281 Ga. App. 256, 257 (635 SE2d 847) (2006). And without the transcripts of the hearings here, we are unable to determine whether the parties or the court discussed consolidation of claims. As the appellant, Roberts had the burden of showing error by the record. Because she has failed to do so, we must presume that the trial court's judgment was correct and affirm. See id.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 28, 2008.

*Edwin A. Wilson*, for appellant.
Felix Strong, *pro se*.

---

[1] It appears from the order on bifurcation that the court found that Roberts's counterclaim concerned only the failure of Strong to pay on certain promissory notes that were not secured by the property.