## 56972. GARRETT et al. v. DEWORKEN.

BELL, Chief Judge.

Plaintiff filed a complaint against Larry Garrett, defendant-appellant, and three other defendants, seeking damages for personal injuries sustained in an automobile collision. Plaintiff alleged that the automobile involved was owned by defendant Larry Garrett; that he had provided the car for the use, pleasure, and convenience of members of his family, including his sons, two of the defendants; that the defendant son was using the automobile on the date of the collision with Larry Garrett's permission; that the defendant son negligently entrusted the automobile to defendant Underwood, in that defendant Underwood was under the influence of intoxicating beverages at the time and as it was common public knowledge that defendant Underwood had been involved in numerous automobile mishaps previously.

Defendant Larry Garrett answered, denying the material allegations of the complaint. He also filed a counterclaim in which he alleged that he did not own the vehicle involved in the collision; that he was not the father of the defendants; that he is a law enforcement officer;

that the "Collection Services and Credit Reporting" agency distributed its circular to the local business community, reporting the action; and that his reputation has been injured by this defamation. Subsequently, plaintiff dismissed her complaint as to defendant Larry Garrett. Plaintiff also filed a motion for summary judgment as to defendant's counterclaim. The court granted plaintiff's motion and defendant appeals. *Held:*

"All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious, they are not libelous." Code Ann. § 105-711. Therefore, an action for libel founded on allegations in a pleading fails to state a claim upon which relief can be granted. See *Jordan v. Burger King Corp.*, 124 Ga. App. 652 (185 SE2d 577). The superior court was of competent jurisdiction for a personal injury claim, and the allegations at issue were clearly pertinent, material and necessary in order to establish liability against the owner of the automobile involved under the "family purpose doctrine." The court properly granted summary judgment to plaintiff as to defendant's counterclaim.

*Judgment affirmed. Webb and Banke, JJ., concur.*

ARGUED JANUARY 3, 1979 — DECIDED JANUARY 9, 1979.

*Richard L. Fullerton,* for appellants.

*Johnson, Ward, Stanfield, Lanham & Carr, Cullen M. Ward, William C. Lanham,* for appellee.