## 65141. BHATTACHARJEE v. KUNNATHA.

QUILLIAN, Presiding Judge.
The defendant, Joy Bhattacharjee, brings this appeal from a non-jury verdict and judgment of the trial court for the plaintiff — Krishnan V. Kunnatha. Kunnatha approached Bhattacharjee with the idea of opening a sales store to be known as the "India House" in the Ansley Square Shopping Center on Piedmont Road in Atlanta. Bhattacharjee testified that he had no time and no cash available. Kunnatha testified that he and Bhattacharjee agreed that Kunnatha would put up $3,000 in cash and operate the store and Bhattacharjee would establish a line of credit in New York and bring "thirty thousand worth of merchandise . . ." Kunnatha placed $3,000 in the India House bank account and the partnership was operational.

Shortly thereafter, Kunnatha became ill and entered the hospital. A clerk was hired to operate the store. The store was unsuccessful. Kunnatha testified that Bhattacharjee never produced any of the $30,000 worth of merchandise. He said: "I waited for four months and at the end of four months he did not bring the merchandise so I decided I — I needed my money, so I told him, I say, 'Joy, you'd better give me my money!' " Bhattacharjee gave Kunnatha a promissory note in the amount of $3,000. Later, Bhattacharjee came to Kunnatha's house and asked that he sign a letter stating that he no longer was a partner in the India House. Kunnatha's son composed the letter and gave it to Bhattacharjee to read before his father signed. The letter stated that he withdrew all claims on the India House "in consonance with a previous agreement made, in which my share in the above business was sold to Mr. Joy Bhattacharjee." Mr. Bhattacharjee took the original of the letter with him, but has never made any payment on the promissory note.

The case was tried by the judge without a jury and he found for the plaintiff. The defendant brings this appeal. *Held:*

The defendant enumerates but two errors: (1) the trial court's order on his counterclaim is contrary to law, and (2) the trial court's order on his counterclaim is contrary to the evidence. Defendant's counterclaim was for $5,000. He claimed he invested "approximately $8,000" — $5,000 more than was due the plaintiff on his $3,000 promissory note. Both the plaintiff and defendant testified as to their version of the facts and introduced evidence to support their testimony. Such testimony was in conflict. The trial court found for the plaintiff and there is sufficient evidence to support his findings of fact and conclusions of law. On appeal, the evidence is to be construed to uphold rather than overturn judgment of the trial court. *Barry v. Stanco Communications &c.,* 243 Ga. 68 (1) (252 SE2d 491). Where the evidence of the plaintiff and the defendant are in conflict, the fact finder — in this instance, the trial judge, is the final arbiter. *Felton v. Mercer,* 149 Ga. App. 358, 360 (254 SE2d 398). This court is not to weigh the evidence de novo, but merely determines if there is any evidence which supports the verdict and judgment below. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35). The trial court was authorized by plaintiff's evidence to find that he sold his interest in the India House to the defendant for $3,000 — represented by the promissory note, and Mr. Bhattacharjee admitted he had never paid any amount on the note. There is sufficient evidence to support the finding of the trial court. See *Scott v. Scott,* 243 Ga. 472, 473 (254 SE2d 852). The findings of fact being sufficient, judgment for the plaintiff is not contrary to the law.

*Judgment affirmed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 7, 1983.

*Donald B. Wiley,* for appellant.
*Grover C. Bailey,* for appellee.