### 70172. MILLER v. GRIER.
(332 SE2d 323)

SOGNIER, Judge.

R. B. Grier brought this dispossessory proceeding against Helen Miller. When Miller failed to appear for trial, the trial court granted Grier's motion to dismiss the answer and counterclaim and entered a default judgment against her. The trial court denied Miller's motion to vacate and set aside the judgment and Miller appeals.

Appellant contends the trial court erred by entering judgment against her and by failing to vacate and set aside the judgment be-

cause appellant asserts she received insufficient notice of trial.

On appeal the evidence is construed to uphold rather than overturn the judgment of the trial court. *Bhattacharjee v. Kunnatha*, 165 Ga. App. 75, 76 (299 SE2d 144) (1983). "There is a presumption in favor of the regularity and legality of all proceedings in superior court, *Hancock v. Oates*, 244 Ga. 175, 177 (259 SE2d 437) (1979); there is also a presumption that the clerk gave notice as required. *Trice v. Howard*, 130 Ga. App. 895 (204 SE2d 808) (1974). The burden was on the [appellant] to show that [she] did not receive proper notice. Id." *Murer v. Howard*, 165 Ga. App. 230, 231 (299 SE2d 151) (1983).

There is no indication in the record that appellant did not receive proper notice of trial. Absent a transcript of the hearing on appellant's motion to vacate and set aside the judgment, for which appellant was present, we presume the trial court's ruling denying that motion was correct. See *Peek v. Duffy*, 172 Ga. App. 834, 835 (1) (324 SE2d 795) (1984). Thus, the trial court did not err by entering judgment by default against appellant and by failing to vacate and set aside the judgment. *Murer*, supra; see OCGA § 9-11-60 (d).

Although we find no merit in appellant's enumerations of error, we cannot conclude that the appeal was totally frivolous or solely for purposes of delay. Accordingly, appellee's motion for the assessment of penalties under OCGA § 5-6-6 is denied.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 22, 1985 —
REHEARING DENIED JUNE 10, 1985 —

Helen Miller, *pro se.*
V. C. Baker, for appellee.