70694. RICH v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(337 SE2d 370)

SOGNIER, Judge.

Georgia Farm Bureau Mutual Insurance Company (GFB) filed this complaint against William Rich seeking a declaration that it was not liable to Rich for claims made under a GFB insurance policy. Rich counterclaimed for bad faith penalties under OCGA § 33-34-6 for GFB's failure to pay his claim. The case was tried before the trial court without a jury. The trial court entered judgment in favor of GFB and against Rich on his counterclaim. Rich timely filed a notice of appeal and, subsequently, a motion for new trial in the trial court.

On May 19, 1983, the day before appellant's policy with appellee expired, appellant executed and delivered a quitclaim deed for the insured property to Ernest Holton. The deed contained a provision that the property would not be turned over to Holton until May 20, 1983. Between the night of May 19th and the early morning of May 20, 1983, a fire damaged a pump house on the property and a car belonging to appellant's sister which was parked outside the pump house. Appellant filed a claim with appellee for the items damaged by the fire.

1. We note at the outset that although the trial court has not ruled on appellant's motion for new trial, we have jurisdiction over appellant's direct appeal from the judgment entered by the trial court because no motion for a stay of the direct appeal has been filed. *Atkinson v. State*, 170 Ga. App. 260, 262 (1) (316 SE2d 592) (1984); see *Housing Auth. v. Geter*, 252 Ga. 196, 197 (312 SE2d 309) (1984).

2. Appellant's enumerations contending error in the trial court's ruling against him on his counterclaim and in favor of appellee on its

complaint are not specific, and are not clarified by appellant's pro se brief, by the record or by the notice of appeal. Therefore, in determining the merit of these enumerations, we will consider only the general grounds as to the sufficiency of the facts to support the judgment. *MacDonald v. MacDonald*, 156 Ga. App. 565, 569 (1c) (275 SE2d 142) (1980).

The trial court's judgment was based on its finding that appellant had no insurable interest under the policy and, in the alternative, that appellee was not obligated to pay appellant's claim because the various items of damaged property were not covered under the policy's provisions. "On appeal, the evidence is to be construed to uphold rather than overturn judgment of the trial court. [Cit.] Where the evidence of the plaintiff and the defendant are in conflict, the fact finder — in this instance, the trial judge, is the final arbiter. [Cit.] This court is not to weigh the evidence de novo, but merely determines if there is any evidence which supports the verdict and judgment below. [Cit.]" *Bhattacharjee v. Kunnatha*, 165 Ga. App. 75, 76 (299 SE2d 144) (1983). We pretermit the issue whether the trial court erred by finding appellant had no insurable interest under the policy because, assuming arguendo that appellant was still the insured party at the time of the fire, the record amply supports the trial court's findings that the property damaged in the fire was not covered under the policy's provisions.

Appellant claimed compensation for damages to the pump house and its contents and to his sister's car. The policy provided coverage for damages to the pump house only if the building was "used exclusively as a private pump house." It is uncontroverted that the pump house was equipped with a number of amenities, such as telephones, an air conditioner, tables and chairs and, therefore, that it was not used either exclusively or even principally as a pump house. Further, the record supports the trial court's finding that the items of personal property allegedly contained in the pump house and damaged by the fire were not proved with sufficient specificity so that their actual cash value at the time of the fire could be determined. Finally, the policy specifically excluded automobiles from its coverage, and under the liability provisions of the policy, provided coverage only where the insured has a legal obligation to pay another for property damages to which the policy applies. It is uncontroverted that appellant was under no legal obligation to pay his sister for damages to her automobile, but apparently did so solely out of familial affection. Therefore, because there is sufficient evidence to support the findings of the trial court that the items for which appellant claims compensation are not covered under the policy, the trial court correctly entered judgment in appellee's favor. Likewise, there is sufficient evidence supporting the trial court's judgment against appellant on his counterclaim for bad

faith penalties for appellee's failure to pay his claim. See generally, *Bhattacharjee*, supra.

3. Appellant contends the trial court erred by refusing to admit into evidence certain depositions and by failing to open and read those depositions prior to entering judgment against appellant. However, the trial court noted in its findings of fact and conclusions of law that although appellee's objection to the admission of the depositions was sustained, appellee subsequently withdrew its objection and stipulated that the depositions should be considered by the court. The trial court further stated in his order that he had fully considered the depositions. There being no evidence that the depositions were not on file at the time of the trial court's entry of judgment against appellant, we will not say that the trial court did not consider the depositions. See *Porter Coatings v. Stein Steel &c. Co.*, 157 Ga. App. 260, 261 (1) (277 SE2d 272) (1981). Thus, these enumerations are without merit.

4. Appellant enumerates several errors regarding the hearing on his motion for production of documents. However, the record contains no transcript of the hearing and "[a]bsent a showing to the contrary, the proceedings in the trial court are presumed to have been conducted in a regular and legal manner. [Cit.] Appellant has made no such showing." *Cox v. City of Lawrenceville*, 168 Ga. App. 119-120 (1) (308 SE2d 224) (1983).

5. Under our holding in Division 2, it is not necessary to address appellant's enumerations contending error by the trial court in excluding evidence allegedly supporting his claim to an insurable interest in the items for which he claims compensation.

6. Appellant's initial brief contains neither argument nor citation of authority to support his enumerations of error numbers 4, 21, 24 and 25. Accordingly, those enumerations are deemed abandoned. Rule 15 (c) (2) of the Rules of the Court of Appeals of Georgia; *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (3) (328 SE2d 564) (1985). Appellant's supplemental briefs "[do] not resurrect from abandonment enumerations not addressed in the initial brief." *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114, 116 (274 SE2d 34) (1980); *Bicknell*, supra.

7. We have carefully reviewed appellant's remaining enumerations and find them to be without merit.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 16, 1985 —
REHEARING DENIED OCTOBER 31, 1985 — 

William M. Rich, *pro se*.

*F. Thomas Young, William A. Turner, Jr.,* for appellee.