A92A0117. HOWARD et al. v. DeKALB COUNTY JAIL STAFF
et al.
A92A0118. HOWARD v. JOSEY et al.
A92A0119. HOWARD et al. v. MacDOUGALD et al.
(421 SE2d 309)

Cooper, Judge.

These companion cases arise from appellants' incarceration in the DeKalb County Jail. In Case No. A92A0117, appellants, two inmates, pro se, allege that their constitutional rights were violated by the staff of the jail when their cell assignments were changed and in the administration of medical care to appellant Edgar Howard ("Howard"). In Case No A92A0118, Howard contends his constitutional rights were violated by officers at the jail who revealed to other prisoners that he was convicted of child molestation, thereby putting his life in danger. Case No. A92A0119 was brought against a jail official, the DeKalb County Attorney ("Johnson") and an associate attorney ("MacDougald") based on alleged libelous and slanderous statements contained in a motion for summary judgment and an affidavit filed in Case No. A92A0117 on behalf of the jail personnel, which was prepared by the two attorneys. The complaint also charged MacDougald with fraud and deceit based upon an alleged improper attempt by MacDougald to obtain a release and voluntary dismissal of this action from appellant Frederick Waters ("Waters"). Appellants appeal the trial court's grant of appellees' motions for summary judgment (Case Nos. A92A0117 and A92A0118) and motion to dismiss for failure to state a claim upon which relief could be granted (Case No. A92A0119).

*Case No. A92A0117*

1. Appellants enumerate three procedural errors committed by the trial court in its grant of summary judgment to appellees — failure to hold a formal hearing, application of improper standard of review and failure of the trial court to call witnesses. However, in their brief, appellants did not support the enumerations of error with argument or citation of authority. Instead, appellants argued that their actions, which preceded their removal from a particular cell block, did

not justify their removal. Enumerations of error not supported by argument or citation of authority are deemed abandoned. Court of Appeals Rule 15 (c) (2); *Greenhill v. State*, 199 Ga. App. 218, 219 (404 SE2d 577) (1991). Moreover, even giving due consideration to appellants' pro se pleadings, " 'enumeration[s] of error may not be enlarged by brief on appeal to cover issues not enumerated. [Cit.]' [Cit.]" *Pier 1 Imports v. Chatham County &c. Assessors*, 199 Ga. App. 294, 296 (2) (404 SE2d 637) (1991). Inasmuch as appellants have not articulated a basis for reversing the trial court's order, we find no error in the grant of summary judgment.

### Case No. A92A0118

2. Appellant filed this appeal on August 6, 1991. Thereafter, despite a total of four extensions of time and an order requiring submission by December 9, 1991, no enumerations of error and brief were received by this court. We, therefore, dismiss the appeal in Case No. A92A0118 pursuant to Rule 27 (a) and Rule 14 of the Rules of the Court of Appeals; *Cauley v. Turman Realty*, 188 Ga. App. 238 (373 SE2d 398) (1988).

### Case No. A92A0119

3. Appellants enumerate as error the failure of the trial court to conduct a full evidentiary hearing on appellees' motion to dismiss and the court's failure to allow appellants to take a deposition. These enumerations are not supported with argument or citation of authority and are deemed abandoned. Court of Appeals Rule 15 (c) (2); *Greenhill*, supra; *White v. State*, 179 Ga. App. 276 (346 SE2d 91) (1986).

4. Appellants also argue essentially that the trial court erred in granting appellees' motion to dismiss.

(a) The alleged inclusion of false statements in the defendants' brief in support of the motion for summary judgment in Case No. A92A0117 and in an affidavit submitted on behalf of appellee Robert W. Melton, which were prepared by appellees Johnson and MacDougald, is the basis for appellants' claim of libel and slander. "All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous." OCGA § 51-5-8. "Therefore, an action for libel founded on allegations in a pleading fails to state a claim upon which relief can be granted. [Cit.]" *Garrett v. DeWorken*, 148 Ga. App. 656, 657 (252 SE2d 81) (1979). The superior court was of competent jurisdiction for Case No.

A92A0117 and defendants' motion for summary judgment. Although appellants in the instant case did not set forth which specific statements in the brief and affidavit were libelous, our review of the entire brief and affidavit reveals that they were pertinent, material and necessary in order to establish the defendants' entitlement to summary judgment. See *Garrett,* supra. Accordingly, the trial court did not err in granting appellees' motion to dismiss.

(b) Appellants also allege that MacDougald improperly contacted appellant Waters and, using false statements, attempted to have Waters execute a voluntary dismissal and release of his claim in the lawsuit. Appellants contend that MacDougald's actions constituted fraud and deceit. OCGA § 51-6-2 (a) provides in pertinent part: "Willful misrepresentation of a material fact, made to induce another to act, upon which such person acts to his injury, will give him a right of action." "The essential and necessary elements in a case of this nature which must be proved are: (a) that the representations were made by the defendant; (b) that they were knowingly and designedly false; (c) that they were made for the purpose and with the intent to deceive and defraud; (d) that they did deceive and defraud; (e) that they related to an existing or past fact; (f) that the party to whom the false statements were made did not know that they were false; and (g) that the plaintiff relied on their truth and suffered a loss." *D. A. D., Inc. v. C & S Bank,* 227 Ga. 111, 117 (2) (179 SE2d 71) (1971). Appellants' claim is deficient in several respects. In their complaint, appellants failed to set forth any misrepresentation in MacDougald's letter to Waters. While a pleading should not be dismissed for failure to state a claim merely because allegations of fraud are not pled with sufficient particularity, the trial court did not err in granting appellees' motion to dismiss because it appears beyond doubt that appellants can prove no set of facts in support of their claim which would entitle them to relief. See *Cochran v. McCollum,* 233 Ga. 104, 105 (210 SE2d 13) (1974). Inasmuch as Waters is still a party to the case, there was no reliance on alleged misrepresentations, nor was there harm to Waters or Howard.

*Judgments affirmed in Case Nos. A92A0117 and A92A0119. Appeal dismissed in Case No. A92A0118. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DISMISSED JULY 23, 1992.

Edgar W. Howard, *pro se.*
*Johnson & Montgomery, Albert S. Johnson, Harry W. MacDou-*

*gald,* for appellees.