A93A1496. HOWARD v. PARKMAN et al.

(437 SE2d 483)

POPE, Chief Judge.

Plaintiff Edgar W. Howard, a/k/a James W. Taylor, appeals from the trial court's grant of summary judgment in favor of defendants. At the time plaintiff filed this complaint, he was an inmate in the DeKalb County jail. Plaintiff filed his complaint against certain employees of DeKalb County asserting that these defendants denied him access to the courts by not allowing him to go to the law library at the times he wanted[1] and by not providing him copies of legal materials in a timely fashion and sometimes not at all. Plaintiff sought injunctive relief and damages.

1. Our review of the record reveals that plaintiff did not present a claim at the trial court level for mail tampering. Accordingly, any enumerations of error concerning that claim cannot be considered by this court, which is a court for the correction of errors.

2. Any claim for injunctive relief against these defendants is now moot since plaintiff was transferred to state custody on October 25, 1991 and is no longer a prisoner in the DeKalb County jail.

3. We hold the trial court did not err in granting defendants' motion for summary judgment on plaintiff's claims that he was denied meaningful access to the courts because he was denied access to the law library at the time he wanted to go and was not given in a timely manner copies of legal materials.[2] " ' "When a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of [his] pleading[s], but [his] response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial. If [he] does not so respond, summary judgment, if appropriate, shall be entered against [him]." ' " (Citations omitted.) *Dickey v. Harden*, 202 Ga.

---

[1] Plaintiff acknowledges he has access to the law library five hours per week.

[2] The record reveals that plaintiff did not respond to defendants' motion for summary judgment but after that motion was granted, he filed a motion for rehearing claiming he had received no notice of the motion for summary judgment. However, on the same day he filed his motion for rehearing, he also filed his notice of appeal to this court. The filing of that notice deprived the trial court of the power to affect the judgment appealed. *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525 (2) (258 SE2d 139) (1979). Thus, the defendants' consent to setting the appealed-from judgment aside and the trial court's later order setting that judgment aside is without affect. Plaintiff does not raise on appeal that he was not served with defendants' motion for summary judgment. Accordingly, we cannot consider that argument.

App. 645, 648 (414 SE2d 924) (1992). In support of their motion for summary judgment, defendants filed the affidavit of Dennis Cheatham, a lieutenant with the DeKalb County Sheriff's Department who averred that DeKalb County maintains records concerning inmate access to the law library, and those records show that from November 10, 1990, to April 23, 1991, plaintiff was provided with 4,293 copies of legal materials. On the day that plaintiff complains of, April 23, 1991, the DeKalb County records show that plaintiff was provided with 90 copies of legal materials. Moreover, plaintiff admits he is permitted to work in a law library five hours per week. Thus, the record shows that plaintiff was provided with adequate access to a law library as required by *Bounds v. Smith*, 430 U. S. 817 (97 SC 1491, 52 LE2d 72) (1977).

Furthermore, the record on appeal and other records of this court belie the plaintiff's argument that he has been denied meaningful access to the courts. Included in the record on appeal is a letter dated February 2, 1991 from the Clerk of the Superior Court of DeKalb County to plaintiff showing that he was a party in sixteen cases in that court filed after 1988, ten of which were pending at the time of the letter. The plaintiff's pleadings also mention a case pending in the United States District Court for the Northern District of Georgia. Our records reflect plaintiff has appealed five cases to this court. See *Howard v. DeKalb County Jail Staff*, 205 Ga. App. 116 (421 SE2d 309) (1992) (three cases consolidated on appeal) and *Howard v. State*, 200 Ga. App. 188 (407 SE2d 769) (1991).

4. We have considered plaintiff's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 1, 1993.

Edgar W. Howard, *pro se.*

*Michael J. Bowers, Attorney General, Johnson & Montgomery, Harry S. MacDougald, Robert H. Walling*, for appellees.