## A06A0760. CHAVIS v. BRISKER.
(631 SE2d 807)

PHIPPS, Judge.

Brandon Brisker filed a dispossessory warrant against Tasha Hopkins and Kevin Chavis, alleging failure to pay rent under a lease agreement. Chavis answered and counterclaimed, asserting that Brisker had misstated the amount of rent due and failed to make requested repairs. After a hearing, the State Court of DeKalb County awarded a writ of possession to Brisker and ordered Chavis to pay $23.50 in rent. Chavis appeals, asserting that the court failed to properly calculate the payments he had made under a lease-purchase agreement with Brisker. The record, however, does not include the hearing transcript.

> Where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at his expense. Thus, where the transcript is necessary for review and the appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm.[1]

Chavis's claim requires consideration of the evidence presented at the hearing. "In the absence of a transcript or other evidence in the record, however, we must assume the court's judgment was correct and affirm."[2]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JUNE 1, 2006.

---

[1] *Seay v. Chase Manhattan Mtg. Corp.*, 270 Ga. App. 349 (606 SE2d 586) (2004) (citation omitted); see also *Hensley v. Young*, 273 Ga. App. 687 (615 SE2d 771) (2005).

[2] *Seay*, supra (citation omitted); see also *Young v. Pryer*, 257 Ga. App. 768 (572 SE2d 99) (2002).

Kevin E. Chavis, *pro se.*
Brandon Brisker, *pro se.*