A06A1744. ANTHONY et al. v. U. S. BANK NATIONAL ASSOCIATION et al.

(645 SE2d 12)

BERNES, Judge.

In this dispossessory action, Mark Anthony and Florence-Elizabeth Phillips, acting pro se, appeal the trial court's entry of default judgment against Anthony and grant of a writ of possession in favor of U. S. Bank National Association. Because appellants failed to file or properly reconstruct a transcript of the hearing below, we affirm.

U. S. Bank filed a dispossessory warrant in the State Court of DeKalb County, Georgia, against certain real property following a foreclosure sale. The warrant was answered by Anthony.

The state court held a hearing on the action, which was not attended by Anthony nor an attorney acting on his behalf. Instead, Phillips, a nonparty to the proceeding who claimed to reside with Anthony at the subject property, made an appearance in opposition to U. S. Bank's action. Because Phillips had not herself filed a timely answer to the dispossessory warrant and was therefore not a party to the action, the court struck the answer of Anthony and entered a default judgment against him. It also admitted a certified copy of the recorded Deed Under Power that purportedly established U. S. Bank as the owner of the subject property and issued a writ of possession to U. S. Bank. The record does not include a hearing transcript.[1]

In several enumerations of error, appellants challenge the dispossessory proceeding, alleging everything from lack of jurisdiction of the state court to criminal conduct on behalf of the judge. Pretermitting whether Phillips has standing to bring the present appeal, we note that appellants have failed to provide this Court with a record of the proceedings below.

---

[1] Although Anthony filed a motion with this Court to accept his reconstruction of the hearing transcript, his filing was not prepared in accordance with OCGA § 5-6-41 (g), and we therefore had to deny his motion.

On appeal, "[t]here is a presumption in favor of the regularity and legality of all proceedings in [the trial] court." *Miller v. Grier*, 175 Ga. App. 91, 92 (332 SE2d 323) (1985). Moreover,

> [w]hen a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession. As the appellant[s], [Anthony and Phillips] had the burden to affirmatively show error by the record. This [they] failed to do. Therefore we must presume the trial court's judgment granting [U. S. Bank] a writ of possession is correct.

(Footnote omitted.) *Hall v. Hall*, 281 Ga. App. 256, 257 (635 SE2d 847) (2006). See *Olubajo v. Deutsche Bank Nat. Trust Co.*, 280 Ga. App. 154 (633 SE2d 543) (2006); *Chavis v. Brisker*, 279 Ga. App. 613 (631 SE2d 807) (2006); *Seay v. Chase Manhattan Mtg. Corp.*, 270 Ga. App. 349 (606 SE2d 586) (2004). Accordingly, we affirm the order of the state court.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED MARCH 19, 2007 —
RECONSIDERATION DENIED APRIL 4, 2007 — 

Mark Anthony, *pro se.*
Florence-Elizabeth Phillips, *pro se.*
*McCalla Raymer, Robert M. Sheffield*, for appellees.