A07A1243. LOWE v. CENTER NEUROLOGY ASSOCIATES, P.C. et al.
(653 SE2d 318)

MILLER, Judge.

James C. Lowe appeals pro se from an order of the Fulton County State Court adopting an arbitration award against him and in favor of Center Neurology Associates, P.C.[1] ("Center Neurology"), entered on November 22, 2002, and from an order purporting to amend the same, entered on December 19, 2002. We find that the latter order of the trial court, entered nine days after Lowe had filed his notice of

---

[1] Although Center Neurology Associates, P.C. was a party to the proceedings below, it has not participated in this appeal.

appeal, is void for lack of jurisdiction, but we affirm the trial court's initial order of November 22, 2002.[2]

This appeal arises out of a lawsuit filed against Lowe by Center Neurology in Fulton County State Court, seeking to recover for medical services provided to Lowe. In his answer, Lowe asserted a third-party claim against Wal-Mart Stores, Inc. Associates Health and Welfare Plan (the "Plan"),[3] alleging that, as his health insurance provider, the Plan was responsible for any monies owed Center Neurology.

Lowe subsequently filed a motion to transfer his claims against the Plan to the Fulton County Superior Court, asserting that because these were equity claims covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), the trial court lacked jurisdiction over the same. The trial court granted this motion, and transferred those claims to the superior court on August 19, 1999.

Thereafter, pursuant to an April 8, 2002 order of the trial court, Center Neurology's claims against Lowe proceeded to arbitration. Following a hearing, the arbitrators entered an award finding: "for the Plaintiff [Center Neurology] and against James C. Lowe and Wal-Mart Stores, Inc. d/b/a Wal-Mart Stores, Inc. Assoc. Health & Welfare Plan, et al. jointly and severally in the amount of $5,000.00." On November 22, 2002, the trial court entered an order adopting the arbitration award as against Lowe but not as against the Plan.

On December 10, 2002, Lowe filed both a petition for certificate of immediate review from the November 22 order, a notice of appeal therefrom, and a motion asking the trial court to amend that order to reflect the arbitrators' finding as to the Plan's joint and several liability with Lowe. On December 12, 2002, the trial court entered a second order, intended to amend its initial order, to reflect that the arbitration award was made against both Lowe and the Plan. On December 19, 2002, the trial court entered a third order, voiding its order of December 12 and again finding that the arbitration award was proper only as against Lowe. Lowe then amended his notice of appeal to include the trial court's order of December 19, 2002.

1. Lowe argues that the trial court's order of December 19, 2002 is void for lack of jurisdiction and that, therefore, the order of December 12, 2002 remained in effect. We agree that the December

---

[2] We also deny the motion of Wal-Mart Stores, Inc. Associates Health and Welfare Plan to supplement the record and Lowe's motion to file a supplemental brief. The proposed supplement to the record provided no information necessary for the proper disposition of this case, and Lowe's proposed supplemental brief attempted to raise issues not before the trial court.

[3] Lowe's complaint mistakenly named Wal-Mart Stores, Inc. as the third-party defendant, and the parties subsequently agreed to substitute the Plan.

19, 2002 order is void for lack of jurisdiction, but we further find that the trial court's order of December 12, 2002 is void for the same reason.

Georgia law is clear that "the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." (Citation and punctuation omitted.) *Upton v. Jones*, 280 Ga. 895, 896 (1) (635 SE2d 112) (2006).

Here, Lowe filed his notice of appeal as to the trial court's November 22 order on December 10, 2002. Thus, the orders of the trial court entered after that time, each of which purported to "amend, alter or modify" that judgment, are void as a matter of law. *Howard v. Parkman*, 210 Ga. App. 716, 717 (3), n. 2 (437 SE2d 483) (1993) (trial court without authority to act on party's motion for rehearing where party simultaneously filed notice of appeal).

2. Lowe also asserts that the trial court's order of November 22, 2002 was error, because it represented an impermissible modification of an arbitration award. We disagree.

OCGA § 9-9-14 (b) (2) provides that a trial court *shall* modify an arbitration award if "[t]he arbitrators awarded on a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted."

Here, before referring the case to arbitration, the trial court found, as a matter of law, that it lacked jurisdiction over Lowe's claims against the Plan, and had transferred those claims to another court. It thereafter lacked the authority to refer such claims to arbitration (see *American Tire Co. v. Creamer*, 132 Ga. App. 781, 782 (209 SE2d 240) (1974)), meaning that the question of whether Lowe was entitled to indemnification from the Plan for the claims asserted by Center Neurology was never submitted to the arbitrators. Instead, the only issue before the arbitrators was whether Lowe was liable to Center Neurology for medical services rendered to him.

On appeal, Lowe does not dispute the foregoing, but instead argues that the contract on which Center Neurology based its claims represented an assignment of his benefits under the Plan and that therefore the question of the Plan's liability to Center Neurology was among the claims submitted to arbitration. Specifically, Lowe asserts that he accepted services from Center Neurology only because he believed that Center Neurology "accepted the assignment of the right of recovery from [the Plan] as 'consideration'" for the rendition of those services. Had the arbitrators found that to have been the case, however, they then would have held that Center Neurology could not recover from Lowe, but instead could recover only against the Plan

and only to the extent that Lowe's health benefits covered the services rendered. No such finding was made, and Lowe has waived his right to challenge any alleged error by the arbitrators. See OCGA § 9-9-80 (challenges to arbitrators' findings must be made within 30 days following entry of award by appeal to the superior court of the county in which arbitration authorized).

Lowe has further waived this argument on appeal by his failure to assert the same in the trial court. See *Oasis Goodtime Emporium I v. Cambridge Capital Group*, 234 Ga. App. 641, 642 (1) (507 SE2d 823) (1998).

Finally, with respect to the second requirement articulated in OCGA § 9-9-14 (b) (2), we note that the trial court's modification of the award did not affect the merits of the arbitrators' finding as to Lowe's liability.

For the reasons set forth above, we affirm the trial court's order of November 22, 2002, entering the arbitrators' award in favor of Center Neurology and against Lowe.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 1, 2007 —
RECONSIDERATION DENIED NOVEMBER 1, 2007 — 

James C. Lowe, *pro se.*

*Jackson Lewis, Emily S. Blumenthal, Lisa R. Claxton, Ashley B. Abel, Bridgers, Peters & Kleber, Jerry C. Tootle, Jr., Fred J. Hanna*, for appellees.