### A08A0539. KEITA v. K & S TRADING.
(663 SE2d 362)

MIKELL, Judge.

Margaret Keita d/b/a Naturally You ("Keita"), acting pro se, appeals from the trial court's order dated September 17, 2007, granting judgment to K & S Trading d/b/a Angie's Beauty Plus ("K & S"), in its dispossessory action against Keita.

---

[3] See, e.g., *Collins v. American Tel. &c. Co.*, 265 Ga. 37 (456 SE2d 50) (1995).

K & S instituted dispossessory proceedings against Keita, claiming that she failed to pay rent pursuant to a lease agreement, and seeking $1,000 in past due rent. Keita filed an answer and counterclaim, claiming that K & S refused Keita's offer to pay, and owed her $3,000 for harassment and lost business. Following a bench trial, the court issued a writ of possession in favor of K & S and entered judgment against Keita for past due rent and interest accruing in the amount of $1,566.66. The trial court also denied Keita's counterclaim.

1. This appeal is deficient in several respects. Keita has failed to provide a concise statement of the applicable standard of review as required by Court of Appeals Rule 25 (a) (3), and has not stated the method of preservation of her enumerations of error as required by Court of Appeals Rule 25 (a) (1). Moreover, even though Keita's brief contains a well-developed statement of facts, few of these facts are supported with citations to the record.[1] After filing her appellate brief, Keita moved this Court to compel the lower court to provide its findings of fact and conclusions of law, contending that the lower court proceeding was not recorded and that the trial court refused her "Motion for the [Trial] Court's Findings of Fact and Conclusions of Law," allegedly filed on September 24, 2007. Keita asks that we "remand the case to the State Court of DeKalb County to factually and legally address [her] motion for the lower court's findings of fact and conclusions of law." For the following reasons, the motion is denied.

First, we cannot consider the motion filed in the trial court or Keita's claim that the motion was refused. "Facts alleged in briefs but unsupported by evidence in the record cannot be considered on appeal."[2] Moreover, "documents attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, will not be considered on appeal."[3] Second, even assuming that Keita filed a motion in the trial court which complied with the requirements of OCGA § 9-11-52,[4] the motion was untimely and the trial court had no

---

[1] Court of Appeals Rule 25 (a) (1).

[2] (Footnote omitted.) *In re Ray*, 248 Ga. App. 45, 46 (2) (545 SE2d 617) (2001).

[3] (Footnote omitted.) *Nolan v. Jowers*, 280 Ga. App. 815, 816 (635 SE2d 211) (2006).

[4] That Code section provides, in pertinent part, that,
(a) [i]n ruling on interlocutory injunctions and in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law. If an opinion or memorandum of decision is filed, it will be sufficient if the findings and conclusions appear therein. Findings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. . . . (c) Upon motion made not later than 20 days after entry of

authority to act on it. Keita contends that she filed the motion on the same day she filed her notice of appeal.

> The filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter, or modify the judgment are without effect.[5]

Third, Keita failed to request that a transcript of these proceedings be included in the record, specifically noting in her notice of appeal that "[n]o transcript will be submitted in the case." As discussed more fully in Division 2, infra, Keita should have requested that a transcript of the lower court proceedings be included in the record or submitted a "statutorily authorized substitute."[6] Appellant — and not the trial court — has the burden of providing a complete record on appeal.[7]

2. Keita claims that the trial court should have dismissed the dispossessory action because (1) K & S refused her offer to pay rent, and (2) rent was not past due at the time K & S filed the action as the lease expressly allowed payment until the end of the month upon payment of late fees. These claims require us to review the evidence submitted at trial, specifically the lease agreement. However, as noted in Division 1, supra, Keita failed to request that a transcript of these proceedings be included in the record and, in fact, expressly noted in her notice of appeal that "[n]o transcript will be submitted in the case."

---

judgment, the court may make or amend its findings or make additional findings and may amend the judgment accordingly. If the motion is made with a motion for new trial, both motions shall be made within 20 days after entry of judgment. The question of the sufficiency of the evidence to support the findings may be raised on appeal whether or not the party raising the question has made in the trial court an objection to findings or a motion for judgment. When findings or conclusions are not made prior to judgment to the extent necessary for review, failure of the losing party to move therefor after judgment shall constitute a waiver of any ground of appeal which requires consideration thereof.
See also *Vernon Library Supplies v. Ard*, 249 Ga. App. 853-854 (1) (550 SE2d 108) (2001); *Safadi v. Thompson*, 226 Ga. App. 685-686 (1) (487 SE2d 457) (1997).

[5] (Footnote omitted.) *DeClue v. City of Clayton*, 246 Ga. App. 487, 493 (5) (540 SE2d 675) (2000). See also *Howard v. Parkman*, 210 Ga. App. 716, 717 (3), n. 2 (437 SE2d 483) (1993) (trial court was without authority to act on party's motion for rehearing where party simultaneously filed notice of appeal).

[6] *Olubajo v. Deutsche Bank Nat. Trust Co.*, 280 Ga. App. 154 (633 SE2d 543) (2006). See also OCGA § 5-6-41 (g), (i).

[7] See *Smith v. State*, 230 Ga. App. 151, 152 (1) (495 SE2d 624) (1998).

When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, [as allowed by OCGA § 5-6-41 (g) and (i),] we must assume that the evidence supported the grant of a writ of possession. As the appellant, [Keita] had the burden to affirmatively show error by the record. This [she] failed to do. Therefore, we must presume the trial court's judgment granting [K & S] a writ of possession is correct.[8]

The trial court's judgment must be affirmed.
*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

## ON MOTION FOR RECONSIDERATION.

Keita has moved for reconsideration[9] and for transmission of evidence to support reconsideration of appeal, arguing that we ought to allow transmission of the omitted evidence from the trial court, which will prove that the trial court erred in granting judgment to K & S, and, therefore, mandate reconsideration of our decision. The law is quite clear that "[i]t is the primary responsibility of the appropriate parties and not this court to ensure that all documents relevant to the disposition of an appeal be duly filed with the clerk of this court prior to the issuance of our appellate decision."[10] Keita neglected to do this, and "cannot now perfect a deficiency in [her] appeal by [belatedly attempting to file records], which were missing through no fault of this court at the time of our appellate disposition of this case."[11] While we are sympathetic to Keita's situation, we have made no exceptions to the rule where the deficiency is attributable to the fact that the responsible party is pro se or unfamiliar with appellate procedure.

Under Court of Appeals Rule 37 (e), reconsideration will be granted

> only when it appears that the Court overlooked a material fact in the record, a statute or a decision which is controlling

---

[8] (Citation omitted.) *Simmons v. Sopramco III, LLC*, 278 Ga. App. 830, 831 (630 SE2d 61) (2006). See also *Anthony v. U. S. Bank Nat. Assn.*, 284 Ga. App. 765, 766 (645 SE2d 12) (2007); *Hall v. Hall*, 281 Ga. App. 256, 257 (635 SE2d 847) (2006); *Olubajo*, supra; *Harden v. Young*, 268 Ga. App. 619 (606 SE2d 6) (2004).

[9] Keita's motion for reconsideration was untimely. However, because our Clerk of Court failed to properly update her address, causing her to receive the opinion in an untimely manner, we have elected to consider the merits of the motion.

[10] *Wheeling-Culligan v. Allen*, 243 Ga. App. 776, 777 (533 SE2d 797) (2000) (on motion for reconsideration).

[11] (Footnote omitted.) Id. at 778.

as authority and which would require a different judgment from that rendered, or has erroneously construed or misapplied a provision of law or a controlling authority.

Our careful review of the opinion reveals no basis for reconsideration. Accordingly, Keita's motion for reconsideration is hereby denied.

*Motion for reconsideration denied.*

DECIDED APRIL 8, 2008 —
RECONSIDERATION DENIED JUNE 20, 2008.

Margaret Keita, *pro se.*

*Howick, Westfall, McBryan & Kaplan, Michael C. Kaplan,* for appellee.