A08A2344. JACKSON v. JACKSON.
(669 SE2d 496)

BLACKBURN, Presiding Judge.

Michael Jackson appeals from an order awarding Peggy Jackson damages for Michael's trespass on property she holds under a life estate. Michael contends that the trial court's order is ineffectual because it refers to an earlier order that was allegedly never filed. However, Michael's appeal in effect challenges certain factual findings made by the trial court. Because he failed to provide a transcript of the hearings giving rise to those findings, we must assume that the evidence at the hearings supported the trial court's findings. Accordingly, we affirm.

The undisputed record shows that in September 2004, Peggy took title to a life estate devised to her in her late husband's will. Michael was one of five remaindermen, and, at the time of the transfer, Michael's cattle and equipment occupied the property. When Peggy and Michael could not come to an agreement about his leasing the land from her, Peggy filed a petition in August 2007 to enjoin Michael from access to and use of the property and sought damages for his alleged trespass.

The trial court issued a rule nisi order scheduling a hearing and, pending the hearing, ordered Jackson to remove his cattle and equipment from the property within 96 hours. Following two ensuing hearings, the trial court in May 2008 issued a final order referencing those hearings and a prior order (not included in the record) apparently memorializing a settlement agreement by the parties whereby (i) Michael would rent the property and pay Peggy

$32,000 by January 15, 2008, and (ii) if Michael failed to timely pay rent or vacate the property by that date, he would be required to vacate the property and pay $32,000 in damages.[1] It is undisputed that Michael never paid the $32,000 and did not remove his cattle and equipment until February 8, 2008. The trial court's final order required Michael to pay $32,000 as damages under the alleged settlement agreement.

Michael now appeals, contending that the final order is ineffectual because the prior order memorializing the settlement agreement was never filed. However, as the appellate record lacks transcripts demonstrating any material error in the trial court's factual findings, we disagree.

The appealed order contains factual findings that Michael agreed to pay specified damages if he failed to timely vacate the property or pay rent. The trial court further found that Michael failed to comply with this obligation, so the court ordered him to pay damages to Peggy for his trespass under the prior settlement agreement.

In effect, Michael attacks these factual findings, challenging the terms of the settlement agreement as found by the trial court. However, the record contains no transcript of the hearings pursuant to which the trial court made the relevant findings, nor does the record contain any other relevant evidence.

> When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, as allowed by OCGA § 5-6-41 (g) and (i), we must assume that the evidence supported the grant of [relief]. As the appellant, [Michael] had the burden to affirmatively show error by the record. This [he] failed to do. Therefore, we must presume the trial court's judgment [awarding damages] is correct.

(Punctuation omitted.) *Keita v. K & S Trading*.[2] See *Atwood v. Southeast Bedding Co.*[3] Therefore, "in the absence of a transcript, we must assume as a matter of law that the evidence adduced at the hearing[s] supported the trial court's findings" as to the terms of the

---

[1] The appellate record was supplemented with a new order filed by the trial court on September 9, 2008, nunc pro tunc November 8, 2007. That order purports to memorialize the settlement agreement; however, the order was entered well after appellant's notice of appeal was filed. Therefore, the trial court had no jurisdiction to enter the order, and the order is a nullity. See *In the Interest of W. P. B.*, 269 Ga. App. 101, 102 (3) (603 SE2d 454) (2004). See generally OCGA § 5-6-46.

[2] *Keita v. K & S Trading*, 292 Ga. App. 116, 119 (2) (663 SE2d 362) (2008).

[3] *Atwood v. Southeast Bedding Co.*, 236 Ga. App. 116 (1) (511 SE2d 232) (1999).

settlement agreement and Michael's failure to comply with those terms. *Eason v. State*.[4] Accordingly, we affirm.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 14, 2008.

*John G. C. Durham*, for appellant.
*W. Edward Meeks, Jr.*, for appellee.

