**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**December 4, 2014**

# In the Court of Appeals of Georgia

A15A0349. NATIONSTAR MORTGAGE LLC v. BRUNT.          JE-017

ELLINGTON, Presiding Judge.

Nationstar Mortgage LLC ("Nationstar") appeals from the consent order and final judgment in this case, challenging an order of the Superior Court of DeKalb County appointing a special master and a separate order directing Nationstar to pay the special master's fees. Nationstar contends that the trial court abused its discretion in appointing the special master to investigate and to hear the case and to make recommendations to the court. It also contends that the fees awarded to the special master are excessive. Finding no error, we affirm.

1. A trial court is authorized to refer a portion of litigation pending before it to a special master pursuant to Uniform Superior Court Rule 46, and the exercise of the trial court's discretion to do so will not be interfered with by appellate courts absent

an abuse of that discretion. See *Alston & Bird v. Mellon Ventures*, 307 Ga. App. 640, 646-647 (6) (a) (706 SE2d 652) (2010). Rule 46 provides, in relevant part:

> Unless a statute provides otherwise, upon the motion of any party or upon the court's own motion, the court of record may appoint a [special] master: (a) to perform duties consented to by the parties; (b) to address pretrial and post-trial matters that the court cannot efficiently, effectively or promptly address; (c) to provide guidance, advice and information to the court on complex or specialized subjects, including, but not limited to, technology issues related to the discovery process; (d) to monitor implementation of and compliance with orders of the court or, in appropriate cases, monitoring implementation of settlement agreements; (e) to investigate and report to the court on matters identified by the court; (f) to conduct an accounting as instructed by the court and to report upon the results of the same; (g) upon a showing of good cause, to attend and supervise depositions conducted outside of the jurisdiction; and (h) to hold trial proceedings and make or recommend findings of fact on issues to be decided by the court without a jury if appointment is warranted by (i) some exceptional condition, or (ii) the need to perform an accounting, to resolve a difficult computation of damages or if the matter involves issues for which a special substantive competence would be beneficial.

(Emphasis supplied.) USCR 46 (A) (1).

The record shows that, after giving the parties an opportunity to object to the appointment of a special master and to be heard thereon, the superior court concluded

2

that the litigation involved errors in the legal descriptions of several deeds dating back to 1971, errors which were only recently discovered. The court noted that the reformation sought was not one seeking to correct a simple clerical error in a current conveyance, but, rather, one involving a series of errors dating back four decades and which involved persons in the chain of title who were not parties to the current action. A review of the report of the special master supports the court's conclusion that the matter would benefit from the involvement of one with special substantive competence. The special master found "numerous problems in numerous deeds, . . . a faulty beginning point, a call with no direction, a defective survey[,] and the fact that there was no definitive description of which portion of the metes and bounds description was in which of the two subdivision lots." The special master recommended that the court reject Nationstar's initial proposed consent agreement with defendant Maria Brunt, who was not represented by counsel, "because of the vagueness and defects in the legal description in the chain of title," as the special master described in detail in his factual findings.

The court also concluded that using a special master in the case would facilitate a cost-effective and expeditious resolution of the matter,[1] citing previous experience with the same special master in a similar case. Indeed, a review of the record in this case shows that the special master investigated the case, facilitated discovery of documents, held a hearing, and made recommendations to the parties and to the court, permitting the matter to be resolved by a consent judgment in less than four months from the date of the special master's final, post-objection appointment. To the extent that there were delays in the case, it appears from the record that they are attributable either to Nationstar's objections to the appointment of the special master or to Nationstar's failure to timely provide the special master with requested documents.

---

[1] USCR 46 (A) (3) provides:

In appointing a [special] master, the court should consider the fairness of imposing the likely expenses on the parties and should protect against unreasonable expense and delay, taking into account the burdens and the benefits such an appointment would produce. The appointment of a special master shall not deprive any party of access to the courts or the civil justice system.

Given this evidence, we find no abuse of discretion in the trial court's order appointing a special master. See *Alston & Bird v. Mellon Ventures*, 307 Ga. App. at 646-647 (6) (a).

2. Nationstar contends that the $7,235 fee award to the special master was unreasonable in that the amount requested was "exorbitant," the special master's bill was not itemized, and the bill included a request for payment for services beyond the scope of the appointment order. We disagree.

The record contains the special master's response to Nationstar's objection to the request for fees, and the response contains an itemized bill setting forth both the fees for the special master's services as well as those of his paralegal.[2] The bill

---

[2] Nationstar argues that the court did not consider the itemized bill when making its decision because the court entered its order on the same day that the special master filed his response and the court's order states only that it reviewed "the Motion and attachments to same." Given that "the Motion and attachments to same" could be construed to include all of the documents within the breast of the court pertinent to the motion at the time the court made its decision (which included the special master's itemized bill), and given the presumption in favor of the regularity of proceedings below, we find this argument without merit. See *Anthony v. U.S. Bank Nat. Assn.*, 284 Ga. App. 765, 766 (645 S.E.2d 12) (2007) ("On appeal, there is a presumption in favor of the regularity and legality of all proceedings in the trial court.") (citation and punctuation omitted). As such, "[t]his court will not presume the trial court committed error where that fact does not affirmatively appear." (Citations and punctuation omitted.) *Robenolt v. Chrysler Fin. Servs. Corp.*, 201 Ga. App. 168, 169 (2) (410 SE2d 365) (1991) (rejecting claim that trial court erred in granting writ of possession without holding trial when record did not affirmatively

5

accounts for activities of the special master, including, for example, requesting (more than once) documents from Nationstar, preparing affidavits, responding to objections, filing notices to produce, reviewing the case file, reviewing documents (deeds, surveys, title reports, and subdivision plats), conducting pre-hearing conferences, writing letters to counsel, revising proposed consent orders, conducting a hearing, and preparing recommendations to the court. There is nothing on the face of this bill, nor is there any record evidence to which Nationstar's cites in its appellate brief, from which we can infer that the amount of fees requested is excessive or was for any service not specifically authorized in the court's appointment order.

Nationstar also complains that the special master expanded the scope of the proceedings "beyond the initial pleadings" and independently investigated the facts. However, the court's appointment order expressly granted the special master the power to investigate, to take evidence, and to make factual findings. Nationstar argues that this matter did not need investigation, that the matter was simple: "[Nationstar] simply wanted to insure that it encumbered *all* the land Ms. Brunt had, whatever land that might be, and Ms. Brunt agreed with that intention." As the special master explained, however, signing off on a proposed consent order between

show whether trial was held and, if so, whether appellant was present).

6

Nationstar and the borrower did not satisfy his obligation to the court or to the parties. Rather, it was to ensure that the matter was resolved correctly, fairly, and finally. The final consent judgment indicates that such resolution required correcting several legal documents, accounting for erroneous legal descriptions and for missing conveyances, as well as directing the Clerk of Court to cross reference the final consent order with numerous pages of official Deed Books.

Nationstar has not carried its burden of affirmatively demonstrating that the award of fees was excessive or improper. "[W]hen the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Citation and punctuation omitted.) *White v. Arthur Enterprises, Inc.*, 219 Ga. App. 124 (2) (464 S.E.2d 225) (1995). Consequently, we find no error.

*Judgment affirmed. Dillard and McFadden, JJ., concur.*